## BRENT *v.* CHAPMAN.

Five years' adverse possession of a slave in Virginia, gives a good title upon which trespass may be maintained.

ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action of trespass brought by Chapman against Brent, marshal of the district of Columbia, for taking in execution, on a *fi. fa.* against the estate of Robert Alexander, deceased, a slave named Ben, who was claimed by Chapman as his property.

The jury found a verdict for the plaintiff, subject to the opinion of the court upon a statement of facts agreed by the parties, which was in substance as follows :

The slave was the property, and in possession of the late Robert Alexander the elder, at the time of his death. His sons, Robert Alexander, and Walter S. Alexander, were named executors of his will, but never qualified as such. On the 17th of December, 1803, Walter S. Alexander took out letters of administration with the will annexed. No division was

ever made, by the order of any court, of the personal estate of the deceased among his representatives; but previous to August, 1800, a parol division of the slaves was made between Robert Alexander the younger, and his brother, Walter S. Alexander, the latter being then under the age of twenty-one years. Robert Alexander the younger being possessed of the slave, and being taken upon an execution for a debt or debts due from himself in his individual character, in August, 1800, took the oath of insolvency under the laws of Virginia, and delivered up to the sheriff of Fairfax county, in that state, the slave as a part of his property included in his schedule. The sheriff sold him at public sale, and the plaintiff, knowing the slave to belong to the estate of the deceased Robert Alexander as aforesaid, became the purchaser for a valuable consideration, and took possession of the slave, and continued possessed of him under the sale and purchase until July, 1806. The plaintiff in the winter usually resided in Maryland, and in the summer in Virginia, on his farm, where he kept the slave, and has never resided in the district of Columbia.

Dunlop & Co. obtained judgment against Robert Alexander the younger, as executor of his father Robert Alexander, and, upon a *fieri facias* issued upon that judgment, the marshal seized and took the slave as part of the estate of the testator Robert Alexander, there being no other property belonging to his estate in the county which could have been levied except what Robert Alexander the younger had sold and disposed of for the purpose of paying his own debts. The agent of the creditors, Dunlop & Co., as well as the marshal, had notice, prior to the sale, that the plaintiff claimed the slave.

Upon this state of the case, the court below rendered judgment for the plaintiff according to the verdict. And the defendant brought his writ of error.

*C. Lee*, for the plaintiff in error, contended, that,

under the circumstances of this case, five years' possession did not give a good title to Chapman. The possession was not adverse, for there was no administration upon the estate of Robert Alexander, sen. consequently no person legally competent to claim the possession. Besides, Chapman knew that the slave belonged to the estate of the testator.

This debt was a legal lien on the slave.

Robert Alexander, jun. could only transfer *his right* to the sheriff of Fairfax. The goods of the testator cannot be taken in execution for the debt of the executor. 4 *T. R.* 625. *Farr* v. *Newman.* Chapman could therefore only purchase the right of Robert Alexander, jun. in the slave.

The parol partition was void for the infancy of one of the parties. There was no executor qualified to assent to the legacy. By the law of Virginia, an executor cannot act until he has given bond. 1 *Cranch*, 259. *Fenwick* v. *Sears.* 3 *Cranch*, 319. *Ramsay* v. *Dixon.*

It is very doubtful whether five years' possession of a slave in Virginia, is itself a good title for a plaintiff. It may protect the possession of a defendant; and that is the only effect of the statute.

*Swann*, contra.

Robert Alexander the younger did not hold the slave as executor of his father's will, but under the legacy.

It is immaterial whether Chapman did or did not know that the slave belonged to the estate of the testator. Five years' possession by Chapman was a good title against all the world.

In England twenty years' possession is a good bar in ejectment, and it is also a good positive title in itself, upon which an ejectment may be maintained.

**MARSHALL, Ch. J.** Can an executor distribute the estate before he has qualified and obtained letters testamentary?

BRENT
v.
CHAPMAN.

**LIVINGSTON, J.** In England, an executor, before probate, can do every thing but *declare.*

**WASHINGTON, J.** mentioned the case of *Burnley* v. *La.nbert,* 1 *Wash.* 308. in which it was decided, by the court of appeals of Virginia, that, "after the assent of the executor, the legal property is completely vested in the legatee, and cannot be devested by the creditors."

### March 13.

**MARSHALL, Ch. J.** delivered the opinion of the court to the following effect :

This court is of opinion that the possession of Chapman was a bar to the seizure of the slave by the marshal, under the execution stated in this case. The only objection of any weight was, that there was no admiristration upon the estate of Robert Alexander, sen. and, consequently, that the possession of Chapman was not an *adverse* possession.

But there was an executor competent to assent, and who did assent, to the legacy, and to the partition between the legatees, and who could not afterwards refuse to execute the will.

Judgment affirmed.