the president pronounced the following opinion of this court.
Where a specific thing is bequeathed, the assent of the executor vests the property in the legatee, and he may have 1 r 1 ° J an action at common law for the recovery of the legacy against a stranger, or the executor, as the case may be (a)
It is not perceived that the circumstances relied on by the appellee in this case can render the assent of the executor less availing. • It is believed to be unquestioned law, that the owner of a specific article of personal property may bequeath it by his will, although he may be out of possession at the time of his death. If he has the power of bequeathing, the property will pass by the will as in other cases, on the executor’s giving his assent; which assent is only a perfecting act, for the security of the executor. The assent being once given, the legatee is complete owner, and may sue in his own name ; upon the same principles as if he were a devisee of lands, of which the testator was out of possession at the time of his death.
The Superior Court therefore erred in the instruction given as excepted to in the first bill of exceptions ; and, for-the same reason, also, erred in rejecting the evidence stated in the second bill of exceptions ; which was, moi'eover, proper evidence to rebut the alleged adverse possession, by the appellee and his intestate. The said court also erred in wholly rejecting the evidence offered, and stated in the third bill of exceptions ; it being competent to the appellants to prove by the executrix, if she had no objection to being examined, her assent to the legacy; but they could not prove by her that the testator had title to the slaves in controversy, and could bequeath the same.
The judgment of the Superior Court is therefore reversed with costs, the verdict of the jury set aside, and the cause remanded, for a new trial to be had therein, on which the court is to give no such instruction as that stated in the first bill of exceptions; and (if again offered) is to admit the evidence stated in the second bill of exceptions, and so much of that stated in the third, as goes to prove the assent of the *194 executrix to the legacy of the slave Rachel, mentioned in the Will of William M. Booker, deceased.

 Brook, Title Trespass, pl.25; Paramour v. Yardley, Piowden 539; b.; Young v. Holmes, 1 Stra. 70; Doe v. Guy, 3 East, 120.