*437 Opinion of
the Court.
THIS was an action of detinue, brought in the Fayette circuit court by Joseph Cook against Samuel Wilson, for the detention of a slave named Juda, and several others, the children of Juda.
Pending the suit, Wilson died, and in pursuance of the act of assembly in such cases made and provided, it was revived against his administrators.
The defendants pleaded the general issue and the Statute of limitations.
On the trial, the plaintiff offered to read the depositions of two witnesses residing in Pulaski county; but the court rejected the depositions, because the witnes *438 ses had not been summoned to attend the trial, and because their inability was not sufficiently proved. The jury having found a verdict for the defendants, the plaintiff moved the court for a new trial, on the grounds, 1st, that the verdict was contrary to evidence; 2dly that the plaintiff was surprised by the rejection of the depositions; and 3dly, that he had, since the trial, discovered material evidence. But the court refused to grant new trial, to which the plaintiff excepted, spreading the evidence given upon the trial, on the record; and a judgment having been rendered against him, he has appealed to this court.
Proving that the defendant got possession under a claim asserted under such law, insufficient, & without further proof, his possession must be deemed lawless.
Where a man had held peaceable possession of a slave for more than 20 years, after which he lost the possession and it was obtained by one who asserted claim, it was held that his prior possession of 20 years was conclusive evidence of his right, and therefore would enable him to recover.
A judgment overruling motion for a new trial, reversed.
We have no doubt that the circuit court was correct in rejecting the depositions; but we think it equally clear, that the court erred in not granting a new trial.
It appears from the bill of exceptions taken to the refusal of the court to grant a new trial, that the defendants attempted to maintain the title of Samuel Wilson, their intestate, by proving that during the revolutionary war, he was an officer in the ten months’ service, in South-Carolina; that an officer in that service was entitled to two confiscated slaves; that the mother of Juda was allotted to him, as one of those to which he was entitled; and there being no express proof that any other was alloted to him, it is inferred that Juda, who was then a suckling child, was given to him as the other to which he was entitled. On the other hand, it was positively proved that Juda, about the close of the revolutionary war, was given to the wife of the plaintiff, as a compensation for her trouble in taking care of the other confiscated slaves, as they are denominated by the witnesses; and that she then obtained possession of her, claiming her as her own, and continued to hold her until she intermarried with the plaintiff, who has held her as his property ever since, until within less than five years before the commencement of this suit, when the defendant obtained possession of Juda and her children, born while in possession of the plaintiff.
This is the substance of the evidence on both sides, in relation to the title of the slaves in question, and we are clearly of opinion it does not warrant the verdict of the jury. The proof on the part of the defendants is, we think, when taken alone, far from being sufficient to show that the intestate, Samuel Wilson, ever had any legitimate right to the slave Juda.
*439 The slaves which were divided among the officers and soldiers in the ten months’ service in South-Carolina, could only have been confiscated by the authority of some law of that state, and there was no such law produced, nor any evidence given on the trial, of the existence of such a law. For any thing, therefore, which appears to the contrary, these slaves might have been plundered by those engaged in that service, and divided among themselves, without the authority of any law to justify it. If, however, the slaves were regularly confiscated, there is still no positive proof that Juda was allotted to the defendants’ intestate; and the inference that she was, which, in the absence of express proof of the fact, is attempted to be deduced from other facts proved, is, in our apprehension, greatly outweighed by the positive evidence on the other side, that she was given to the plaintiff’s wife, as a reward for her services.
But, admitting the defendants’ intestate to have once had a good title to Juda, his failure to assert that title for a period of between twenty and thirty years, during all which time the plaintiff and his wife held the possession of Juda, claiming her as their own, must excite an irresistable presumption that he had parted with his title, and that the right of property was with the possession.
It has been held by high authority, that the adverse possession of a slave for five years, would, under the statute of limitations, not only be a bar to an action of the former owner to recover such slave, but that it would give to the possessor a title upon which he may maintain an action against the former owner. 3 Hen. and Mun. 37; 5 Cranch 358.
Whether this doctrine be correct, or not, in its full extent, we do not, in this case, deem material to be decided.* For although it should be conceded, that five years’ possession would not, per se, give a title; yet it must undoubtedly be admitted to be strong evidence of title; and where the possession, as in this case, has been continued, without interruption, for upwards of twenty years, without assertion of right on the part of the pretended claimant, who labored under no disability, it must afford conclusive evidence that the title is with the possession. —Judgment reversed.

 The doctrine was subsequently recognized in its full extent. Thompson vs. Caldwell, 3 Litt. Rep. 136-8.