O’Neall, J.
dissenting. The importance of this case must be my excuse for delivering a dissenting opinion. In a case which is to be leading, and to constitute something like a landmark for the profession, it is, (I think ) a duty, which I owe to the fruits of a life of labor, as well as to the parties, and the country, that I should also, in the beautiful language of the inspired Elihu, “ sheio my opinion
In the first place, I propose to state briefly the reasons why I think the paper called a deed in this case is void. The case of Jaggers vs. Estes, in the Court of Errors, (2 Strob. Eq. 343,) *206 carried the doctrine of a future estate in chattels personal, as far as prudence can certainly desire to go. Indeed, it seemed to me then, and still does, that that case at one blow struck down every mark which had before been placed to guide us and the profession, in deciding as to the validity of papers attempting to convey such estates. It, however, .settled the law, as far as it goes, and I shall be the last person to fail to enforce it: but I would not go a hair's breadth beyond it.
That case declares the judgment of the majority to be, “ if it appears, from the construction of the whole instrument, that the donor intended to do an irrevocable act, and to pass a present title to the property, deferring only the enjoyment of the donee to the period of his” (the donor’s) “ death, then it is to be considered as a deed, and will have operation as such, and the remainder to the donee will be valid and take effect in possession according to the provisions of the deed, provided, always, that the instrument be duly delivered.”
According to the rule of that case, this paper never can' have effect as a deed. Its words are: — “ It is clearly understood that the aforesaid deed of gift is to be of no effect whatever, until I, the aforesaid Benjamin Johnson, depart this life.” Can a deed, which is to have no effect whatever, till the donor’s death, pass a present title ? It would be strange to say so against the express words, and yet, that is what the Court undertakes to do in the present case.
It is supposed, that like the deed in Kinsler vs. Clark, (1 Rich. 170,) this deed may be construed to be a covenant to stand seized to the use of the donor for life, and after his death to the use of the donee. That words giving a future estate in land may be so construed, has, unfortunately, the sanction of that case, but what lawyer has heard of a deed to stand seized to uses in personalty 1 I think it would be a strange anomaly to so rule in a law Court, and, I trust, Equity will never venture on such a flight.
The rule that'a deed, like any other instrument, is to be construed by all its parts, taken together, is now too well settled to *207 be at all affected by referring to the old technical rule, that the previous part of a formal deed must prevail.
Taking this paper altogether, the plain reading is, that although past words, “have given, granted, bargained and sold,” are used, yet, they are used in a sense subordinate to that which the words heretofore cited import, and are qualified by them, so that they are to have no effect at all, until the donor’s death.
That one dollar is stated to have been paid, cannot affect the case : it was merely a nominal consideration, and the voluntary character of the transaction still remains. So, too, that the boy was delivered cannot have any effect j the delivery, construed by the words of the paper, is to take effect at the donor’s death. Fortunately for the country, the Court of Equity has, at this term, held, that a verbal gift, to take effect at the donor’s death, is void. Miller vs. Anderson; Busby vs. Byrd. It is true, this is only adhering to Pitts vs. Mangum, (2 Bail. 588,) still it is consoling to find that the doctrine of Jaggers vs. Estes has not overwhelmed that case, and all which have followed it.— For I frankly confess, if Jaggers vs. Estes be law, I do not perceive any reason to have stopped the progression, until future parol gifts had been declared to be good. Taking them to be void, how can a deed, which is in place of an actual delivery, have any other or greater effect than it could have?
The case of Wheeler vs. Durant, decided by the Court of Appeals in Equity at the last May Sittings, very properly (as I have endeavored to do) refused to carry the case of Jaggers vs. Estes beyond the point decided. There the paper, by present words, “ I give,” proceeded to give sundry articles of personal property to the grand-children and children of the donor, and after appointing trustees, winds up by saying, “ with the full understanding, that the above property does not vest in another of the (probably any of the) parties until my death.” This was held to be no deed: no present title to the property being given.
How that case can be distinguished from this, is more than I *208 can conceive. Leaving this for my more astute and learned brethren to accomplish, if they can, I dismiss this part of the case by declaring that, in my judgment, the paper, set up as a deed, is no deed, and cannot have effect as such.
It is next necessary to consider whether, conceding this paper may be regarded as a deed, is not the plaintiff entitled to recover ? The plaintiff was for twelve years possessed of the slave, under a purchase in Alabama. Title to personal property does not lie like real, in grant: possession is title. The plaintiff ’s possession is enough for him, until the defendant can defeat its effect. Conceding his deed to be good, it shews that twenty years ago, he had title. In 1836, fifteen years ago, he had the right to the possession. Two years ago, he obtained possession of the slave. So that for thirteen years he had lost possession, and for twelve of those years, the plaintiff had possession. Does this shewing defeat the plaintiff? I am clear it does not.
On the circuit, the statute of limitations of Alabama was not before me. Here, I have had access to it, in the Legislative Library. The 1st sec. of the Act of 2d February, 1802, provides, that all actions of trespass quare clausum fregit, all actions of trespass, detinue, trover and replevin for taking away goods and chattels, all actions of debt founded upon any lending, or contract without specialty,- or for arrearages of rent due on a parol demise, and all actions of account, and upon the case, except actions for slander, and except, also, such as concern the trade of merchandize between merchant and merchant, their factors or agents, shall be commenced within six years next after the cause of such actions shall have accrued, and not after. There is no exception, in the statute, in favor of non-resident plaintiffs. If, therefore, the defendant was now suing in Alabama, it is plain he could not recover the slave: he would be twice barred by the statute of limitations. Is he in any better condition here 1 I am clear he is not. I never was so far behind all knowledge of my profession, as to suppose, that the statute of limitations of Alabama, as a plea, or defence to an action, could *209 be set up in South Carolina. I very well know that the statute of limitations is in such cases the lex fori. But in personal property, possession for the statutory period, in Alabama, is title. It operates to vest in the person the title of each and all who had title, and who were under no disability to assert it. It is in this point of view that I ruled on the circuit, and repeat here, that the plaintiff's possession of twelve years, in Alabama, was and is title to the slave. The case of Brent vs. Chapman, (5 Cranch, 358,) is conclusive authority on this point. Looking at this case, in this way, the statute of Anne suspending the statute of limitations as to absent defendants until they return into the State, had nothing to do with the case : but, as on circuit I expressed the opinion, that it clearly contemplated “ a case against a citizen abroad, (the cause of action arising against him while so abroad) and then upon his return,” the action might be brought in two years, and that, therefore, it did not apply to the plaintiff, who never resided within the State, I am gratified to find that my ruling is in conformity to that of such distinguished jurists as Chancellors David Johnson, Harper, Johnston and Dunkin, in Cumming vs. Berry, (1 Rich. Eq. 114).
Having thus stated my views, I have performed all which I desired to do; and have only to add that, on some other occasion, and at some future time, it will (I hope) be found that I am not so greatly in error in this case, as its decision now assumes.