# Richmond.

## MORRIS v. LYON.

### JANUARY 19th, 1888.

1. PRACTICE AT COMMON LAW—*Statute of limitations—Replication—Demurrer.*—
   In action of detinue defendant pleaded that the cause of action did not
   accrue within five years next before action brought. Plaintiff replied
   admitting averment of plea, but averring subsequent acknowledgment
   by defendant of title in plaintiff made within five years. Defendant
   demurred to this replication:

HELD:

   The demurrer was properly sustained. Code 1873, ch. 146, §§ 10 and 20.

2. IDEM—*Plea in bar—Replication—Demurrer—Judgment.*—If plea be to whole
   declaration, and defendant's demurrer to plaintiff's replication to such
   plea be sustained, judgment will be given that plaintiff take nothing by
   his bill, and that defendant recover against him his costs.

Error to judgment of circuit court of city of Richmond,
rendered March 24th, 1886, in an action of detinue in which
Robert F. Morris was plaintiff, and John Lyon was defendant.
Judgment being against plaintiff, he came to this court on writ
of error. Opinion states the case.

*Atkinson & Davies*, for plaintiff in error.

*Guy & Gilliam* and *John Lyon*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

This action was brought to recover a certain diamond cross breastpin, which, the declaration alleges, was delivered by the plaintiff to the defendant in November, 1873, as a pledge for the payment of a certain debt; which debt was afterwards fully paid. The action was commenced in September, 1885. The right to bring the same accrued, as set forth in the declaration, on the 11th of December, 1874. The pleas were *non detinet*, a special plea, and the statute of limitations. To the latter plea the plaintiff replied that the defendant, within five years next before the action was brought, to-wit, on the 30th of January, 1884, "acknowledged" the chattel in controversy "to be the property of the plaintiff." To this replication the defendant demurred, and the circuit court sustained the demurrer, and entered a judgment of *nil capiat*— whereupon, the plaintiff obtained a writ of error.

The questions to be determined are: *First,* whether the replication is sufficient; and if not, then, *secondly,* whether the circuit court erred in giving final judgment on the demurrer for the defendant.

1. As to the first point, we are of opinion that the replication is clearly bad. It admits the averment in the plea that the cause of action accrued more than five years before the date of the writ, which is equivalent to an averment of adverse possession by the defendant of the breastpin mentioned in the declaration for that length of time before the action was brought, but it attempts to avoid the effect of that averment, or, in other words, to repel the limitation of the statute, by alleging a subsequent acknowledgment by the defendant that the breastpin was the property of the plaintiff. Such an acknowledgment, however, has not the effect for which the plaintiff contends. The time within which an action of detinue may be brought, is limited by the statute to five years next after the right to sue accrues, and the time thus prescribed cannot be enlarged by any acknowledgment.

The only way in which the operation of the statute can be avoided, in any case, is by one or the other of the following circumstances: 1, By a subsequent written acknowledgment or promise *to pay money,* signed by the party to be charged or his agent; 2, By the existence of certain disabilities on the part of the plaintiff; 3, By certain attempts on the part of the defendant to evade the action, as where, having before resided in this State, he departs therefrom, or absconds or conceals himself, or by any other indirect ways or means obstructs the plaintiff in bringing his action; in all of which cases the time during which such obstruction has continued is not computed as a part of the time prescribed by the statute; and 4, By the failure of a suit commenced in time.

These are the only exceptions restrictive of the operation of the statute which the legislature has seen fit to make, and for the courts to add to the number would be to assume legislative authority.   Code 1873, ch. 146; 4 Min. Inst., 510; 1 Rob. (old) Pr., 100; 1 Rob. (new) Pr., 581; *A' Court* v. *Cross,* 3 Bing., 329 (11 Eng. C. L., 124); *Outhont* v. *Thompson,* 20 Johns, 277; *Bickle* v. *Chrisman,* 76 Va., 678.

The result, therefore, in the present case is, that what may have been originally a wrong, has, by operation of the statute, which is a statute of repose, ripened into a right.   In other words, the defendant, having held adverse possession of the chattel in question more than five years before the commencement of the action, acquired a title thereto by operation of the statute, which was not divested, nor was the plaintiff's right to sue revived, by the acknowledgment relied on in the replication.

In *Newby's adm'r* v. *Blakey,* 3 H. & M., 57, it was held that five years' adverse possession of certain slaves, acquired without force or fraud, gave to the party holding such possession a legal right which entitled him to recover the slaves in an action of detinue.   And in *Elam* v. *Bass' ex'ors,* 4 Munf., 301, it was

decided that such possession constituted a complete defence under the plea of *non-detinet*. And to the same effect are the cases of *Spotswood* v. *Dandridge*, 4 H. & M., 139, and *Garland* v. *Enos*, 4 Munf., 504. See also *Brent* v. *Chapman*, 5 Cranch, 358; *Shelby* v. *Guy*, 11 Wheat., 361; *Campbell* v. *Holt*, 115 U. S., 620.

Nor is the case of *Smith* v. *Townes'* adm'r, 4 Munf., 191, relied on by the plaintiff in error, in conflict with these views. That was an action of detinue to recover certain slaves, which had been bequeathed by one Booker, to the female plaintiff, and which at the testator's death were in the possession of the defendant's intestate. At the trial, the plaintiffs offered to prove that about one month after the testator's death, in 1802, the defendant's intestate, in a conversation with the executrix of Booker, remarked that the will was a just one, and that the slaves bequeathed to the female plaintiff, then a *feme sole*, "had as well remain in his (the intestate's) possession for her benefit, to which the executrix assented," and that he "had held the said slaves, on account of that conversation, till his death in 1810." The trial court excluded this and other evidence of a similar nature, but on appeal the judgment was reversed; this court holding that the evidence was admissible to rebut the alleged adverse possession by the defendant and his intestate. In other words, to show that there was nothing in the case upon which the statute of limitations could operate, since the evidence tended to show that the possession of the defendant's intestate was, confessedly, all the time the possession of the female plaintiff. The case is, therefore, clearly distinguishable from the present case and the cases just mentioned.

2. The replication, then, being insufficient, the circuit court, upon sustaining the demurrer, rightly entered final judgment for the defendant. The rule is, that where a plea goes to bar the action, as does the plea of the statute of limitations, and is

replied to, and a demurrer to the replication is sustained, the judgment is the same as it would have been on an issue of fact joined upon the replication, and found in favor of the defendant. Gould's Pleading, ch. IX, sec. 42. In other words, as stated in 1 Rob. (old) Pr., 293–4: "If the plea be to the whole declaration, and the demurrer of the defendant to the plaintiff's replication to such plea be sustained, judgment will be given that the plaintiff take nothing by his bill, and that the defendant recover against him his costs."

This rule was recognized in *Clearwater* v. *Meredith*, 1 Wall., 25. There the defendants filed six pleas. To the fifth the plaintiff replied. The defendants demurred to the replication, and the demurrer was sustained. And a demurrer to an amended replication, which was filed by leave of the court, having been also sustained, judgment was rendered for the defendants. In deciding the case, the supreme court said: "But the plaintiff insists that, even if his replication was bad, that still, upon the whole record, he was entitled to judgment, because the first and fourth pleas were undisposed of. If an issue of fact had been joined on the fifth plea, and found for the defendants, judgment was inevitable for them, because the plea was *in bar* of the action, and the other pleas would then have presented immaterial issues. If the plea was true, being a complete defence, it would have been useless to have tried other issues, for no matter how they might terminate, judgment must still be for the defendants. The state of pleading leaves the fifth plea precisely as if *traverse had been taken on a matter of fact in it, and determined against the plaintiff.*"

The application of this rule is decisive of the present case. Here the plaintiff, when the demurrer to his replication was sustained, chose to rest his case upon the record as it is, and in that state of the pleadings to bring the case on a writ of error to this court. He did not ask leave to amend, or to file a new replication, nor has it been suggested in the lower court

or in this that any amendment, consistent with the facts of the case, could aid him. He stands upon the alleged sufficiency in law of the replication, and upon that alone, and as that position is untenable, it follows—the plea being good—that the judgment of the circuit court must be affirmed.

FAUNTLEROY, J., dissented.

JUDGMENT AFFIRMED.