# CHARLESTON.

## DELLA REES v. B. A. REES.

Submitted September 17, 1918.    Decided October 1, 1918.

1. LIMITATION OF ACTIONS—*Recovery of Personalty.*
    Uninterrupted possession of personal chattels for more than five years is a bar to a suit to recover the same by a former owner thereof.    (p 599).

2. SAME—*Recovery of Personalty—Admissions.*
    A verbal statement by one who has been in possession of personal chattels for more than five years that the same are the property of another is not effective to prevent the statute of limitations from barring a suit against him for the recovery of such property.    (p. 599).

Error to Circuit Court, Preston County.

Action by Della Rees, administratrix against B. A. Rees. Judgment for defendant, and plaintiff brings error.

Affirmed.

*Jas. D. Parriott,* for plaintiff in error.

*A. G. Hughes,* for defendant in error.

RITZ, JUDGE:

This action was instituted for the purpose of recovering the possession of a certain gold watch, which plaintiff claimed to be the property of her decedent. The proof shows that some twenty years before the institution of this suit plaintiff's decedent purchased the watch in question and paid for it; that at the time of his death, shortly before the institution of this suit, the watch was in the possession of the defendant, his brother, and had so been in his possession for

more than fifteen years. It does not appear how the defendant secured the possession of the watch except that the plaintiff attempts to testify that her decedent told her that he had loaned it to the defendant, but this, of course, is not competent evidence against the defendant. The defendant pleaded the statute of limitations to the suit, and an attempt is made to remove it from the bar of the statute by testimony showing that about two years before the institution of this suit the defendant stated that the watch in question was his brother's watch. It will thus be seen that the only evidence indicating the ownership of this watch in the plaintiff's decedent at the time of his death was the fact that he purchased it many years before that, and the statement of the defendant two years before that it was his brother's watch. The statute of limitations was relied on by the defendant, and the plaintiff claims that the admission of the defendant that the watch was his brother's removes the bar of the statute. This admission, if made, was made very much more than five years after the defendant secured the possession of the watch, and it is shown that his possession was continuous from the time he first got it until the institution of the suit. It seems to be pretty clearly settled that where a statute of limitations is a bar to a suit for the recovery of personal property after a certain number of years, peaceable possession of the property for the statutory time will defeat a suit for its recovery by the former owner, and it is held that the party so holding the possession for the statutory period may recover the property in an action of detinue if it is taken from him by another, even the former owner. *Shelby* v. *Guy,* 11 Wheat. 361; *Campbell* v. *Holt,* 115 U. S. 620; *Brent* v. *Chapman,* 5 Cranch, 358; *Elam* v. *Bass,* 4 Munf. 301; *Newby* v. *Blakley,* 3 H. & M. 57; *Smart* v. *Baugh,* 3 J. J. Marshall, 363; *Garland* v. *Enos,* 4 Munf. 504; *Spottswood* v. *Dandridge,* 4 H. & M. 139; *Morris* v. *Lyon,* 84 Va. 331. It necessarily follows under the facts in this case that at the time defendant made the statement that the watch in question was his brother's, the statute of limitations was a complete bar to any suit to recover it, and under our law this bar could not be removed by an oral declaration of the defendant, if it can

be avoided at all.  Code of West Virginia, § 8, ch. 104; *Morris* v. *Lyon,* 84 Va. 331; *Spottswood* v. *Dandridge,* 4 H. & M. 139.  Plaintiff relies on the case of *Smith* v. *Townes,* 4 Munf. 191, and insists that the declaration of the defendant removes the bar of the statute of limitations.  If it had been shown in this case that the defendant was simply the bailee, and was holding this property for the benefit of his brother during all of these years, the case relied upon would have some application.  This was the plaintiff's theory, but there is no evidence introduced in the case to sustain it.  In the case of *Smith* v. *Townes,* it was held that the title to the property involved there did not vest by the lapse of time, for the reason that it was shown that at the time the defendant took the property he took it simply for and on behalf of the real owner, and with an agreement to hold it for the real owner.  It was held that that sort of an agreement made at the time the property came into possession would prevent the statute from running.  In other words, there was no adverse possession of the property, and the statute of limitations would not begin running against the real owner until he had made demand of his agent or bailee, and this demand had been refused.  No such condition as that, however, exists here.  We have only a showing of much more than five years' possession of the property before the institution of the suit.  Statutes of limitation are statutes of repose, and it may be that a hardship is inflicted upon the plaintiff, but we cannot give the statute an interpretation that would destroy the evident purpose in enacting it, that is to give stability to the title to personal property, in order to avoid an apparent hardship in a particular case.

The judgment of the circuit court is clearly right, and the same is affirmed.

*Affirmed.*