Samuels, J.
This cause is brought here by appeal from a decree of the Circuit superior court of law and chancery for Bedford county, in a suit wherein John Hancock, administrator of Mary Burch, was complainant, and John Maride, Nicholas Robertson, administrator of Charles Maride deceased, and others were defendants. The suit was originally brought, in the County court of Bedford county, by Mary Burch in her life time, and afterwards taken to the said Circuit court, and, on the death of complainant, revived in the name of her administrator. The subpoena instituting the suit issued November 14th, 1820, against John Markle and John Fizee, with an endorsement thereon in these words :
“ Memo.—This suit is against John Fizee, to recover of him money due to the other defendants, and said John Fizee is hereby forbid to pay away or out of his hands the sum of two hundred dollars, if so much he *27 owes said John Markle, until the final decision of this suit, or until the order of Bedford court.
Wm. Cook, Plff’s AttoP
Complainant’s bill was filed May 14th, 1823? and although the allegations therein are somewhat equivocal, yet it must be held to assert that John Markle, the absent defendant, was indebted to complainant; and to seek to apply a debt alleged to be due from John Fizee the home defendant, to said absent defendant, in satisfaction of complainant’s demand. The bill alleged that complainant Mary Burch was tenant for life of a small tract of land, the reversion whereof belonged to Charles Markle; that in the year 1818 Charles Markle and his son John Markle being about to remove to the state of Missouri, John Markle, who transacted his father’s business, and sold his property at pleasure, was anxious to sell said tract of land, but found some difficulty in selling it with the incumbrance of complainant’s life estate thereon. That complainant was induced to sell and convey her life estate to John Fizee, for a consideration promised to her by John Markle. Charles Markle is named as defendant in the bill, but not in the process ; nor is there any distinct allegation of fact which could subject him to any demand of complainant. From the want of precision in stating the terms on which complainant sold her property, it is doubtful what consideration she was to receive. It is clear enough, however, that whatever it was, it was to be paid by John Markle. It is not alleged that Charles Markle made any contract whatever in regard to the purchase of complainant’s life estate. It appears clearly, moreover, that Fizee’s bonds for the price of the land were made payable to John Markle; and that the money due on these bonds was the subject attached in this suit. It is quite probable, perhaps certain, upon the record on the original bill, *28 that Charles Markle permitted his son to sell the reversion for the son’s own benefit.
Certain proceedings were had upon the original bill up to the August term of the County court in 1823, the result of which was, that one William R. Porter, who claimed the fund attached, was permitted to receive it upon giving bond with condition to comply with any future order or decree in the cause.
No step whatever appears to have been taken in the cause from October, 1823 until November 1840, when leave was granted to complainant to amend her bill, making new parties.
In the amended bill complainant changes the ground taken in the original bill. She now alleged that John Markle’s action on the subject of the purchase was only as agent for Charles Markle; that the price to be paid in money was a debt due from Charles Markle, and accordingly sought to subject his property to the payment thereof. The parol evidence taken when the cause was pending on the original bill was strong to show that John Markle was the debtor; the evidence of the same witnesses, taken pending the amended bill, tends to show that Charles Markle was the debtor; the evidence in writing to wit, John Markle’s stipulation to pay, Charles Markle’s deed, the bonds of Fizee executed to John Markle, shows, satisfactorily, that John Markle was dealing with complainant on his own account, and that the purchase money for the life estate was due from him to complainant, as alleged in the’original bill. The- decree subjected Charles Markle’s estate to complainant’s debt; and from this decree this.appeal is taken.
After an acquiescence of seventeen years in the allegations of the original bill, sustained by the written evidence, it would require much stronger evidence than complainant offered to sustain her amended bill, especially after Charles Markle’s death.
*29 If the complainant had established a debt against Charles Maride, it must have originated in 1819, when the deed to Fizee was executed, and when Charles Markle was in Virginia.* The first attempt to subject Charles Markle’s estate was made in 1840; and the defendants rely upon the statute of limitations. There is nothing in the pleadings or proofs to prevent the operation of the statute, if the debt ever existed. In Wilkinson, &c. v. Holloway, 7 Leigh 277, four of the five judges who decided that case, held that the debt due to the attaching creditors was a bond debt, and that therefore the statute was no bar to the recovery. The debt in' this case, if any, is upon simple contract merely.
I am of opinion to reverse the decree and dismiss the bill, with costs of both courts to the appellants.
The other judges concurred in the opinion of Samuels, J.
Decree reversed.

 Note by Reporter.—Charles Markle removed to Missouri a short time after the contract vas made, and remained there until his death in 1826.