## Wytheville.

GRIFFIN, RECEIVER, v. WOOLFORD.

June 26, 1902.

1. STARE DECISIS—*Obiter Opinions.*—An opinion expressed in one case is not to be regarded as binding authority in subsequent cases unless the case called for its expression.

2. LIMITATION OF ACTIONS—*Non-Residence—Code, Section 2933.*—The continued non-residence of the maker of note, who was never a resident of this State, does not prevent the running of the act of limitations on the note. Such non-resident is not within the provisions of section 2933 of the Code, as it existed prior to the amendment of Acts 1897-'8, page 441. *Wilkinson* v. *Holloway*, 7 Leigh, 277, explained and distinguished.

3. RESIDENCE.—Residence, within the meaning of the act of limitation, is the permanent abiding or dwelling in a place for a length of time, as contra-distinguished from a mere temporary locality of existence.

Error to a judgment of the Circuit Court of Roanoke city, rendered January 30, 1902, in an action of debt, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Malcolm Griffin* and *Scott & Staples*, for the plaintiff in error.

*Everett Perkins*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The controversy in this case arises out of the following facts: On January 22, 1892, C. A. Woolford and the defendant in

error, C. W. Woolford, made two notes to the New Lansdowne
Land Company, which were dated and made payable at Roa-
noke, Va., one and two years after date, respectively. These
notes were endorsed and delivered by the payee to the Lans-
downe Improvement Company. Subsequently, plaintiff in error,
having been appointed receiver of the latter company, recovered
judgment upon the notes against C. A. Woolford and the en-
dorser, the New Lansdowne Land Company. C. W. Woolford
was made a defendant to that action, but was not served with
process.

So far as the record discloses, no further effort was made to
collect these notes from C. W. Woolford until the fall of 1901,
when Receiver Griffin instituted an action of debt against him,
with an ancillary attachment against certain parties who were
ascertained to be indebted to him, in the Circuit Court of Roa-
noke. Affidavit having been made that C. W. Woolford was a
non-resident, he was proceeded against by an order of publica-
tion. To that action the defendant filed pleas of *nil debet*, and
the statute of limitations.

There was a special replication to the latter plea, that at the
time of the execution of the notes in question the defendant was
a resident of the State of Virginia, and by departing without the
same, within less than twelve months thereafter, obstructed, and,
by ever since remaining a non-resident of the State, had ever
since obstructed the plaintiff in his right of action upon the
notes. To that replication the defendant filed a special rejoinder
putting in issue all its averments.

By agreement of parties all matters of law and fact were sub-
mitted to the court, which rendered judgment for the defendant.

The provision relied on to defeat the bar of the statute of
limitations is found in section 2933 of the Code of 1887, which
is as follows:

"Where any such right as is mentioned in this chapter shall
accrue against a person who had before resided in this State, if

such person shall, by departing without the same, or by abscond-
ing or concealing himself, or by any other indirect ways or
means, obstruct the prosecution of such right, the time that such
obstruction may have continued shall not be computed as any
part of the time within which the said right might or ought to
have been prosecuted. But this action shall not avail against
any other person than him so obstructing, notwithstanding an-
other might have been jointly sued with him, if there had been
no such obstruction. And upon a contract which was made and
was to be performed in another State or country, by a person
who then resided therein, no action shall be maintained after the
right of action thereon is barred by the laws of such State or
country."

The plaintiff in error rests his case on the affidavit of the non-
residence of the defendant in error, upon which the order of
publication was awarded, and the inference that the notes were
made in Virginia, to be drawn from the fact that they purport
to have been dated at Roanoke.

On the other hand, it affirmatively appears from the evidence,
that the defendant in error was a resident of the city of Balti-
more, in the State of Maryland, and had never resided in the
State of Virginia. Indeed, it was shown that he had never been
to Roanoke on more than three occasions, probably only twice,
and then on business trips, neither of which lasted longer than a
day. The dates of these visits are not fixed with accuracy, the
witness expressing the opinion that they were during the years
1890, 1891, and 1892.

The sole question submitted for decision is whether or not,
under that state of facts, the plaintiff in error has brought his
case within the provisions of the statute.

He relies upon the case of *Wilkinson* v. *Holloway*, 7 Leigh,
277, as decisive of the question. That case arose under sec. 14,
Ch. 128, 1 Rev., Code 1819, which, in the case of *Ficklin* v.
*Carrington*, 31 Gratt. 219, was declared to be substantially of

the same import as section 2933, though differing somewhat in phraseology. The last paragraph of the syllabus of that case is as follows:

"A debt is contracted at Petersburg, in Virginia, for goods sold there. The debtor resides at the time, and continues to reside, in North Carolina. The creditor brings suit in a court of this State against the debtor, who pleads the statute of limitations in bar. *Held*, by the 14th section of that statute, 1 Rev. Code, ch. 128, p. 491, he is precluded from making such defence."

Notwithstanding that statement by the distinguished reporter, his report in the case does not clearly show whether Holloway was a resident of Virginia, or of North Carolina, at the time he contracted the debt with Wilkinson & Co., and at the time it became payable. Nothing appears in the statement of the facts of the case as to his residence, and Judges Brockenbrough and Cabell do not discuss the subject in their opinions. Nor does the language of Judge Brooke remove the uncertainty. He says: "As the debt of Holloway to the plaintiff was contracted in Virginia, and he soon afterwards went or returned to North Carolina, and has resided there ever since, I cannot see how he can avail himself of the statute of limitations."

Judge Carr, on the other hand, seems to have been of opinion that Holloway was a resident of Virginia when the debt was contracted, for he says: "He left Virginia as soon as he executed the instrument, and resided in North Carolina, thereby obstructing the plaintiff's action."

Mr. Johnson, of counsel for Holloway, in adverting to the question as to where the bond was executed, remarked that, "To say the least, the facts touching this point do not appear in the record with sufficient certainty."

And, in speaking of the case, the author, in 1 Rob. New. Pr., p. 620, observes: "A plaintiff had the benefit of this provision in an action against a defendant who, soon after executing a

note, went from Virginia to reside in another State, thereby obstructing the plaintiff's action."

Thus it appears that the value of *Wilkinson* v. *Holloway* as a precedent to bring this case within the influence of sec. 2933 is greatly impaired, if not destroyed, by the uncertainty of the facts upon which the decision rests.

But aside from these considerations, it is apparent that but little attention was paid by the judges to that phase of the case. That question was of minor importance, and not at all necessary to a decision of that case, in as much as Holloway's original liability was *a bond debt,* which was not barred at the date of the institution of the suit against him.

The real question discussed and decided was that where an attorney at law, employed to collect a debt, took in satisfaction the debtor's assignment of a bond of a third party, which was put in suit by the creditor, who paid the cost of the litigation, the creditor did not thereby ratify the act of the attorney in thus commuting the original debt, and, the recovery on the assigned bond having proved unavailable, the debtor's original liability continued.

It is obvious that the remarks of the judges as to the residency of Holloway, if not *obiter,* were merely incidental, and had no bearing upon the decision of the case.

In determining the weight to be attached to such observations, it would be well to bear in mind the remarks of Chief-Justice Marshall, in that connection, in *Marbury* v. *Madison,* 1 Cranch. 127 and 174:

"It is a maxim not to be disregarded that general expressions in every opinion are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented. The reason of this maxim is obvious. The question actually before the court is investigated with care and considered in its full ex-

tent.   Other principles which may serve to illustrate it are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated. The cases of *Ex-Parte City Bank,* 3 How. 292, and *Peck* v. *Jenness,* 7 How. 612, are illustrations of the rule that any opinion given here or elsewhere, cannot be relied on as a binding authority, unless the case called for its expression.   Its weight of reason must depend on what it contains."

In *Markle* v. *Burch,* 11 Gratt. 29, the court said:   "In *Wilkinson* v. *Holloway,* 7 Leigh, 277, four of the five judges who decided that case held that the debt due to the attaching creditors was a bond debt, and that therefore the statute was no bar to the recovery."

Mr. Barton, in 1 Bar. L. Pr. 71, remarks:   "The apparently conflicting opinion rendered in the case of *Wilkinson* v. *Holloway,* 7 Leigh, 277, is explained by the court in *Markle's Administrator and Others* v. *Burch's Administrator,* by the statement, that the former case was upon a bond, and the statute would not have constituted a bar independent of any question of the debtor's non-residence."

And in 4 Min. Inst., Pt. I. (2d ed.), 555, it is said:   "It will be observed that the statute contemplates that the defendant shall once have been a resident of Virginia, at some time before the cause of action accrued, and not simply that the cause of action arose in Virginia.   Hence the case of *Wilkinson* v. *Holloway,* 7 Leigh, p. 297 (in which it was held that a resident of North Carolina who contracted a debt in Petersburg, Va., and immediately returned to his home in North Carolina, thereby obstructing the plaintiff's remedy, and thereby precluded the defence of the statute) is no longer maintainable."

It will thus be perceived that, while the learned author accepted the reporter's version of the facts in *Wilkinson* v. *Holloway,* that Holloway was a resident of North Carolina, he entertained, no doubt, that a debtor's prior residence in Virginia is essential to bring a case within the provisions of sec. 2933.

It may be further remarked that in the year 1898 the Legislature amended sec. 2933, so as to dispense with prior residence, an amendment which would have been wholly unnecessary, if the construction contended for by counsel for plaintiff in error is correct.   Acts 1897-8, p. 441.

The conclusion having been reached that *Wilkinson* v. *Holloway* does not sustain the position of plaintiff in error, there is no difficulty in arriving at a proper construction of the statute.   It means, what it so plainly declares:   That where a right of action accrues against a person *who had resided in this State before such right accrued,* and, *after such right accrued,* by departing without the same  .  .  .  *obstructs* the prosecution of such right, the time during which such obstruction continues is not to be computed as any part of the time, within which the right might or ought to be prosecuted.   *Ficklin* v. *Carrington,* 31 Gratt. 220; *Dorr* v. *Rohr,* 82 Va. 361; *Brown* v. *Butler,* 87 Va. 625; *Embrey* v. *Jemison,* 131 U. S. 172.

As to what constitutes residence under the Virginia statutes, Mr. Minor says:

"Residence or inhabitancy (for they seem to have the same meaning) is defined to be the place of abode, dwelling, or habitation for some continuance of time.   To reside in a place is to abide or dwell there permanently for a length of time, as contradistinguished from a mere temporary locality of existence."   4 Min. Inst. (Pt. I.), p. 367.

Mr. Barton gives the following definition:   "He is a resident who, though absent in person, has here his home and permanent abiding place; and he is a non-resident who, though present, has his home and permanent abiding place in some other State or country."   2 Bar. Law Pr. 915.   *Long* v. *Ryan,* 30 Gratt. 720.

In the light of the foregoing definitions, it is apparent from an analysis of the statute, that the case of the plaintiff in error falls under neither of its provisions (while a concurrence of both is essential to stop the running of the statute of limitations)—

not under the first, because the defendant in error had not resided in the State before the right of action accrued; and not under the second, because he did not depart without the same, after such right had accrued, and his previous departure could not have obstructed the prosecution of the right of action.

It will be remembered that Woolford's last visit to Roanoke was in 1892, and the first note was not payable until January 2, 1893.

There is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*