# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## LISKEY v. PAUL.

### December 4, 1902.

1. MOTION FOR JUDGMENT—*Pleadings—Statute of Limitations Applicable to Whole Claim, But Not so Pleaded—Harmless Error.*—The pleadings on a motion for a judgment for money, after notice, are intended to be of an informal nature, except where statutes require otherwise, as under sec. 3299 of the Code; and where a plea of the statute of limitations in form applies to only two out of three claims sued on, but it is clear that both parties and the court treated it as applicable to all the claims sued on, and all were in fact barred by the statute, and the trial court so held, its judgment will not be reversed, though technically erroneous. The effect of a reversal would be to order a new trial, when the pleadings could be so amended as to make the plea applicable to all the demands, and hence the error is harmless.

2. STATUTE OF LIMITATIONS—*Promise to Settle and Pay Balance—Obstruction Under Code, Sec. 2933.*—A promise to settle and pay the balance found due on the settlement will not stop the running of the statute of limitations during the time such settlement is delayed. It is at most only a promise to pay an unascertained balance which is not sufficient. Nor is such a promise an obstruction of the plaintiff's right within the meaning of sec. 2933 of the Code; nor does the mere failure to comply with such promise amount to a fraud on the plaintiff, even if fraud could be relied on in a court of law to repel the bar of the statute of limitations.

Error to a judgment of the Circuit Court of Rockingham county, rendered April 24, 1902, on a proceeding by motion for a judgment for money, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Winfield Liggett* and *T. N. Haas*, for the plaintiff in error.

*J. B. Stephenson*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error gave notice to the defendant in error that on a day named he would move the Circuit Court of Rockingham county to render judgment for the sum of $602.11, "being the aggregate amount of several obligations" due from the defendant to the plaintiff, and which were described in the notice as three negotiable notes and one bond. The defendant appeared and filed the plea of the statute of limitation to the notes sued on, and a statement of set-offs claimed by him. To the plea of the statute of limitations, the plaintiff filed a special replication which was afterwards amended. The court sustained a demurrer to the amended replication, and gave judgment for the defendant with costs. To this judgment this writ of error was awarded.

The first assignment of error is that the "court erred in entering judgment upon the demurrer against the plaintiff for his whole claim, for the reason that the statute of limitations was pleaded only as to the promissory notes, and no plea was offered at all as to the single bill of $120, upon which the court should have entered judgment" in favor of the plaintiff.

It is clear from the plea, replication, and orders of the court that both the parties and the court treated the plea as going to all the demands sued on. The bond mentioned in the notice, as well as the negotiable notes, were barred by the statute of limitations.

The proceeding by way of motion on notice is very informal, and was intended to do away with the necessity of formal pleading except in cases where provision is made by statute requiring

formal pleadings, as under sections 3299 of the Code. In a case like this, where it is clear that the parties and court treated the plea of the statute of limitations as applicable to all of the claims sued on, and all were in fact barred by the statute, and the court so held, its judgment will not be reversed, though it were technically erroneous. It is error without prejudice, and the effect of a reversal would be to send the case back for a new trial, in which the statute of limitations to the bond could be formally relied on, and the result would be the same.

The second assignment of error is to the action of the court in sustaining the demurrer to the special replication to the plea of the statute of limitations.

The facts relied on in the replication were that the plaintiff had placed the claims sued on in the hands of his attorney for collection before any of them had become barred; that his attorney immediately notified the defendant of that fact, and demanded payment thereof; that the defendant then claimed that there were matters of settlement between him and the plaintiff, and requested the plaintiff's attorney not to bring suit upon the claim, and promised that he would in a reasonable time come and make the settlement necessary to adjust the matters between the plaintiff and the defendant so as to ascertain the balance due, and that he would then pay the same; that the plaintiff, relying upon the request and promise of the defendant to make such settlement, adjustment, and payment, agreed with the defendant that no suit should or would be brought upon the claims until such adjustment and settlement could be had between them; that those requests, promises, and agreements were repeated from time to time, and continued up to a few weeks prior to the institution of this proceeding; that relying upon such requests, promises, and the agreement that no suit should be brought, the plaintiff did not bring suit upon the claims; and, although a reasonable time had elapsed before the institution of this proceeding after said requests, promises, and agreements were last

renewed, yet the defendant did not make, or offer to make, the proposed settlements and adjustment, and the plaintiff was, by reason of the promises, obstructed in the prosecution of the said claims by suit until within one month prior to the institution of this proceeding.

The facts averred in the replication are insufficient to avoid the bar of the statute of limitations. They do not amount to a fraud even if fraud could be relied on (and it is said it cannot) in a court of law to repel the bar of the statute of limitations. 4 Minor's Inst. (3d ed.), 623, and cases cited.

Conceding that the promise or agreement set up in the plea were evidenced by a writing, as required by section 2922 of the Code, it would not be sufficient to take the demands sued on out of the operation of the statute of limitations. The defendant did not agree to pay the plaintiff's demands. He claimed that there were matters of settlement between the plaintiff and himself which should be settled before payment could be made, and that if the plaintiff would not bring suit until such settlement could be made he would come and make the settlement within a reasonable time, and pay the balance ascertained to be due. This was at most only a promise to pay an unascertained balance, and is not sufficient under our decisions.

In *Sutton* v. *Burruss*, 9 Leigh, 381, the facts relied on to take the case out of the operation of the statute were as follows, as stated by Judge Cabell in his opinion:

The original justice of the plaintiff's demand was admitted, but the defendant insisted that he had offsets against it, the nature and amount of which he did not specify. He said, however, he would settle fairly, and would not plead the statute of limitations. "The utmost," said the Judge, "that even a jury could infer from all this is a promise to pay an unascertained balance. The balance might be one cent only, or it might be within one cent of the original amount of the plaintiff's demand. What it really was depended on testimony *aliunde*. This promise, then,

certainly left the defendant exposed to all the inconveniences arising from the loss of testimony in relation to his offsets, and we cannot therefore give effect to it, without frustrating the great object of the statute. This very case shows the evils of such a course; for here, the promise relied upon was a promise to pay a part only of the demand, and yet the jury have given the whole." See *Aylett's Ex'or* v. *Robinson,* 9 Leigh, 45, 47 to 52; *Bell* v. *Crawford,* 8 Gratt. 110; 4 Minor's Inst. (3d ed.), 616.

Neither are the facts alleged in the replication sufficient to repel the bar of the statute under section 2933 of the Code, which provides that where any such right as is mentioned in chapter 139 of the Code (limitation of suits) "shall accrue against any person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted."

It is not averred that the defendant departed from the State or absconded, or concealed himself, or by any indirect ways or means obstructed the plaintiff in the prosecution of his right. It is an every-day occurrence for a creditor to give his debtor further time upon his request, and promise that he will pay the demand, or come to a settlement, and pay the balance due. Such agreements cannot be said in any proper sense to be an obstruction of the plaintiff's right within the meaning of section 2933 of the Code.

Section 2922 of the Code provides within what period demands like those sued on must be brought. If they are not brought within that period, it would be frittering away the statute to allow the action to be brought after the time prescribed, unless the plaintiff can show that his case is one which the Legislature has declared shall be excepted. *Troup* v. *Smith,*

20 Johns. 33; *Morris* v. *Lyon,* 84 Va. 331, 333; 4 Minor's Inst. 615; Angel on Limitations, sec. 485.

We are of opinion that there is no error in the judgment complained of to the prejudice of the plaintiff, and that it should be affirmed.

　　　　　　　　　　　　　　　　　　　　　　　*Affirmed.*