# Staunton.

## KESTERSON'S ADMINISTRATOR v. HILL.

September 10, 1903.

Absent, Buchanan, J.*

1. LIMITATION OF ACTIONS—*Debts Due by Decedents—Obstructions—Non-Residence of Administrator—Code, Sec. 2933.*—By the express terms of section 2920 of the Code the right of action against the estate of a person dying on or after May 1, 1888, which had accrued during his lifetime, cannot in any case continue longer than five years from the qualification of his personal representative; and if the saving in section 2933, as to persons who obstruct the prosecution of a suit by departing out of the State, has any application to estates of deceased persons, it cannot apply to this case because the administrator was never a resident of this State, and the statute, prior to the amendment of 1898, applied only to persons who had once been residents of the State, and who obstructed the remedy by departing without the same. The debtor's prior residence in Virginia was essential to bring a case within the provisions of section 2933. Nor in the case at bar was the creditor's remedy obstructed by any of the indirect ways or means contemplated by section 2933. While the administrator was not a resident of the State, he lived near the line and spent about one-half of his time in the State.

2. STATUTES—*Construction—Prospective Operation.*—As a general rule statutes are to be construed as prospective in their operation, unless a contrary intention is clearly and unequivocally expressed.

3. LIMITATION OF ACTIONS—*Vested Rights—Repeal of Statute.*—The right to set up the bar of the statute of limitations after the statute has run is a vested right, and cannot be taken away by subsequent legislation.

4. LIMITATION OF ACTIONS—*New Promise—Case in Judgment.*—The new promise relied on in this case to take it out of the bar of the statute of limitations was not set up in the pleadings in the trial court, and no notice of it was given as required by section 2922 of the Code, it was not in writing, and the evidence offered to support it, even if it

---

*Judge Buchanan was detained at home by sickness.

were valid in other respects, falls short of showing a determinate and unequivocal promise to pay. It is wholly insufficient to remove the bar of the statute.

Appeal from a decree of the Circuit Court of Lee county, pronounced November 14, 1902, in a suit in chancery, wherein the appellee was the complainant, and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*C. T. Duncan* and *R. T. Irvine*, for the appellants.

*J. W. Orr* and *B. H. Sewell*, for the appellee.

HARRISON, J., delivered the opinion of the court.

The controlling question in this case is that raised by the assignment of error to the action of the court in not sustaining the defence of the statute of limitations to the claim asserted by the appellee.

It appears that J. M. Wheeler, Sr., a resident of Lee county, Va., died April 7, 1891, and that on April 10th of that year his son, J. M. Wheeler, Jr., a resident of Virginia, and his son-in-law, C. R. Kesterson, a resident of Tennessee, were appointed by the County Court of Lee county as his administrators, and duly qualified as such. On June 17, 1895, these administrators resigned, and on the same day the son-in-law, C. R. Kesterson, was appointed and qualified as sole administrator *de bonis non* of the estate.

On the 17th day of February, 1898, the appellee brought this suit, in the nature of a creditors' bill, against C. R. Kesterson, administrator, and the heirs of his intestate, to enforce payment of a bond dated May 1, 1888, and payable one day after date, for the sum of $391, executed by the decedent, J. M. Wheeler, Sr., to the appellee, J. B. Hill.

This bond, being payable one day after date, was due and demandable at the time of the obligor's death, and no steps having been taken for its collection until March, 1898—nearly seven years—it was clearly barred by the express terms of section 2920 of the Code of 1887, which provides that "the right of action against the estate of any person hereafter dying, . . . which shall have accrued at the time of his death, . . . shall not in any case continue longer than five years from the qualification of his personal representative." The appellee, however, contends that his right of action is saved by section 2933 of the Code of 1887, which provides that, "where any such right as is mentioned in this chapter shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted."

It appears that at the time of his first qualification as administrator, on the 10th day of April, 1891, C. R. Kesterson was a resident of the town of Cumberland Gap, in the State of Tennessee, and that he continued to reside at Cumberland Gap up to the time of the institution of this suit. The evidence likewise shows that during this entire period he was the owner of a farm in Lee county, in the same neighborhood in which his intestate and the appellee lived, upon which he spent as much as half of his time. It is clear that although Kesterson was a domestic administrator, he was a resident of a foreign State, and had at no time resided in the State of Virginia prior to the institution of this suit.

Assuming, for the purposes of this case merely, that section 2933 applies as well to the estates of dead persons as to persons who are living, the claim here sought to be enforced is not-

withstanding barred by the statute of limitations. It will be observed that the statute contemplates that the defendant shall at some time before the cause of action arose have been a resident of Virginia, and shall have obstructed the collection by departing therefrom. The debtor's prior residence in Virginia is essential to bring a case within the provisions of section 2933. *Lovett* v. *Perry*, 98 Va. 604, 37 S. E. 33; *Griffin* v. *Woolford*, 100 Va. 473, 41 S. E. 949; *Liskey* v. *Paul*, 100 Va. 764, 42 S. E. 875. As already seen, the defendant administrator in the case at bar was not a resident of Virginia at the time of his first qualification in 1891, and has never been at any time since, and could not, therefore, have obstructed the collection of the appellee's debt by departing therefrom. Nor does it appear that the prosecution of the claim was obstructed by any of the indirect ways or means contemplated by section 2933. On the contrary, as shown, the administrator, who lived in Tennessee, but near the Virginia line, was back and forth on his farm in Lee county, and subject to the process of the Virginia courts, one-half of his time during the period between his qualification and the institution of this suit.

In the year 1898 the Legislature amended section 2933, so as to dispense with prior residence (Acts 1897-'98, p. 441, c. 404; *Griffin* v. *Woolford*, *supra*), and the appellee invokes this act for his relief. The general rule, in reference to all statutes, is that they are to be so construed as to have a prospective effect merely, and will not be permitted to affect past transactions, unless such intention is clearly and unequivocally expressed. There is nothing on the face of the act in question to suggest that the Legislature intended to interfere with existing rights. In the case at bar the claim of the appellee was barred before the act of 1898 was passed, and it can hardly be supposed that the Legislature intended to revive claims that were extinct against dead men's estates, even if it had the power to do so.

The doctrine, as we understand it, is well and correctly stated by Cooley on Constitutional Limitations as follows: "When the period prescribed by statute has once run, so as to cut off the remedy which one might have had for the recovery of property in the possession of another, the title to the property, irrespective of the original right, is regarded in the law as vested in the possessor, who is entitled to the same protection in respect to it which the owner is entitled to in other cases. A subsequent repeal of the limitation law could not be given a retroactive effect, so as to disturb this title. It is vested as completely and perfectly, and is as safe from legislative interference as it would have been had it been perfected in the owner by grant, or by any species of assurance." Cooley on Constitutional Limitations (6th Ed.), p. 448. And on page 444 the learned author says: "Regarding the circumstances under which a man may be said to have a vested right to a defence against a demand made by another, . . . it is certain that he who has satisfied a demand cannot have it revived against him, and he who has become released from a demand by the operation of the statute of limitations is equally protected. In both cases the demand is gone, and to restore it would be to create a new contract for the parties—a thing quite beyond the power of legislation." The same doctrine is stated by other text-writers, in perhaps different, but equally strong, language. Sutherland on Stat. Con., sec. 480; Wood. Lim. Actions, p. 26, sec. 11; p. 30, sec. 12.

In almost all the States of the Union in which the question has arisen, it has been held that the right to set up the bar of a statute of limitations as a defence to a cause of action after the statute has run is a vested right, and cannot be taken away by legislation, either by a repeal of the statute without saving clause, or by an affirmative act; and that it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the re-

covery of damages for a tort. *Board of Education* v. *Blodgett* (Ill.), 40 N. E. 1025, 31 L. R. A. 70, 46 Am. St. Rep. 348, and the numerous cases there cited.

This question has not been directly involved in any case before this court, but in *Johnson* v. *Gill*, 27 Gratt. 578, 595, Staples, J., delivering the opinion of the court on the right of the State to pass a stay law, says: "It is very clear that when the bar of the statute has once attached, the Legislature cannot remove the bar by retrospective legislation." That point, however, was not directly involved in the case. In *Campbell* v. *Holt*, 115 U. S. 620, the Supreme Court of the United States took a different view of the effect of the repeal of a statute of limitation as to a purely personal debt, holding that a debtor had no vested right in a bar interposed to the collection of the debt. There was strong dissent, however, by Mr. Justice Bradley, in which Mr. Justice Harlan concurred. This opinion was published while the revisors of the Code of 1887 were engaged in their work of revision. They did not concur in the majority opinion, and so inserted in the Code, section 2936, which is as follows:

"If, after a right of action or remedy is barred by a statute of limitations, the statute be repealed, the bar of the statute as to such right or remedy shall not be deemed to be removed by such repeal."

Judge Burks, in his address before the Virginia State Bar Association in 1891, states that it was intended by this section to prescribe a rule different from that recently declared by the Supreme Court of the United States in *Campbell* v. *Holt, supra.* We do not regard this section as in conflict with section 2933, as amended, and hence this question is controlled by section 2936.

The appellee further contends that the bar of the statute is repelled by a subsequent acknowledgment and promise to pay the debt, made by the administrator within the statutory period. This position is not tenable.

The object of the suit was not to obtain a personal decree against C. R. Kesterson, but to subject the estate of his intestate to the satisfaction of the claim sued on. An amended bill was filed, setting up the defence, under section 2933, already disposed of, and no mention of a new promise was made either in the original or amended bill. Nor does it appear that any notice was given by the appellee, as required by section 2922 of the Code of 1887, that he intended to rely on such promise. It is not pretended that the new promise was in writing. If it were competent, in view of sections 2922, 2933, Code 1887, to establish the promise in question by oral testimony, the evidence relied on falls short of showing a determinate and unequivocal promise to pay. Such an acknowledgment must be an unqualified admission of a subsisting debt, which the party is liable for and willing to pay. *Switzer* v. *Noffsinger,* 82 Va. 518; *Cole's Ex'r* v. *Martin,* 99 Va. 223, 37 S. E. 907; *Liskey* v. *Paul,* 100 Va. 764, 42 S. E. 875. The evidence relied on is not only insufficient, but it was clearly not intended to establish a new promise, but was introduced for the sole purpose of showing that the debt had not been paid, which was a serious question in the case. So far as the record shows, the question of new promise was not suggested in the lower court, but is raised here for the first time.

For these reasons, we are of opinion that the debt asserted by appellee, J. B. Hill, against the estate of J. M. Wheeler, Sr., deceased, is barred by the statute of limitations. Therefore, the decrees in this cause, so far as they undertake to establish such claim as a valid and subsisting debt, must be reversed and set aside, and the cause remanded for further proceedings to be had therein, not in conflict with this opinion.

*Reversed.*