## Staunton.

Spencer & Another v. Flanary, Adm'r., & Others.

September 14, 1905.

1. Limitation of Actions—*Executions—Death of Defendant—Revival.*—Upon a judgment obtained against a living person no execution can issue after his death, and the right to revive by *scire facias* against his personal representative, or to maintain an action thereon, is barred by the statute of limitations at the end of five years after the qualification of his personal representative. If a lien is acquired on a debtor's choses in action by reason of a *fieri facias* issued on the judgment against the defendant in his life-time, it is lost unless the judgment be revived as aforesaid or some action be instituted for its enforcement within five years from the qualification of his personal representative.

Appeal from a decree in chancery of the Circuit Court of Lee county, in a suit brought by appellants for the purpose of subjecting to the alleged lien of a *fi. fa.* against Chadwell Brittain in his lifetime the proceeds of a claim against the United States Government which had come into the hands of his administrator since his death. The bill was dismissed, and complainants appeal.

*Affirmed.*

The opinion states the case.

*Orr & Noell,* for the appellants.

*Duncan & Cridlin,* for the appellee.

Harrison, J., delivered the opinion of the court.

The judgment sought to be collected in this proceeding was

rendered March 30, 1877, against Chadwell Brittain. Two exe-
cutions were issued thereon, and each of them was returned "no
property found," the date of the last execution being April
30, 1886, and returnable to the following July rules.   In 1893
the judgment debtor, Chadwell Brittain, died, and in November
of that year his estate was committed to C. E. Flanary for
administration.

Brittain had begun in his lifetime the prosecution of a claim
against the United States Government for property taken by
the Federal army during the late war between the States.   The
prosecution of this claim terminated successfully in March,
1905, and the bill in this case was filed to the April rules, 1905,
seeking to enforce the judgment and execution against Brittain,
as a preferred lien upon the claim which had been allowed by
Congress, the proceeds of which were then in the hands of his
administrator.

No revival of this judgment, either by *scire facias* or action
was ever had against the administrator of Chadwell Brittain.

A demurrer was filed to the bill, and a plea of the statute of
limitations interposed by the administrator.   The Circuit Court
rested its decision upon the defense of the statute of limitations,
and dismissed the bill.

There can be little doubt of the correctness of this conclusion
when the law, as we understand it, is applied to the facts stated.
There are two sections of the Code which bear upon and provide
periods of limitation to actions against *personal representatives.*
The first is section 2920, which is the general statute of limita-
tions of all personal actions, except a judgment or recognizance,
and, after enumerating the several periods of limitation of such
actions, the section concludes:

*"Provided, that the right of action, against the estate of any
person hereafter dying, on any such award or contract, which
shall have accrued at the time of his death, or the right to prove
any such claim against his estate in any suit or proceeding, shall
not in any case continue longer than five years from the quali-*

*fication of his personal representative, or if the right of action shall not have accrued at the time of the decedent's death, it shall not continue longer than five years after the same shall have so accrued."* See *Kesterson* v. *Hill,* 101 Va. 739, 45 S. E. 288.

The other section to which we have reference, providing a period of limitation to actions against personal representatives, is 3577 of the Code. As already seen, section 2920 does not provide a period of limitations in the case of judgments; but the law governing and directly applicable to such cases is found in section 3577, which is no less explicit with respect to judgments than are the provisions of section 2920 with respect to other claims.

Section 3577 provides as follows: *"On a judgment, execution may be issued within a year, and a 'scire facias' or an action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be issued, or a 'scire facias' or an action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return; except that when the 'scire facias' or action is against the personal representative of a decedent, it shall be brought within five years from the qualification of such representative."*

The language of this statute is too clear to call for interpretation or construction. The provision is express and emphatic that where the *scire facias* or action on a judgment is against the *personal representative* of a decedent, the proceeding *must be taken within five years from the qualification of such personal representative.* More than eleven years elapsed after the qualification of Chadwell Brittain's administrator before the present suit to enforce the judgment was instituted, and in the mean time the judgment had not been revived, or any other action taken thereon.

At common law there was no limitation upon the right to enforce a judgment, but the statute, in effect, as it now stands, has been in force for many years. The only practical difference between the law as it stood in the first revised Code of 1819, and the statute now in force is, that, in addition to the limitation imposed by the former, which went only to judgments where execution had not issued, the present statute imposes a limitation as to the writ of *scire facias or action,* although execution has issued. 1 Rev. Code, 1819, Ch. 128, secs. 5 & 17. Code, 1887, sec. 3577.

As early as the year 1823 the present contention was made before this court, and it was held, under practically the same statute, that "a judgment obtained against a testator in his lifetime, and not revived against his personal representative after his death, within five years from the time of his qualification, is barred by the statute of limitations."

This decision has stood without challenge for more than eighty years, and if authority were needed it would be all that was necessary in support of the proposition that the judgment asserted in this case is barred by the statute of limitations. *Peyton's Admr.* v. *Carr's Exor.,* 1 Rand. 436; 1 Barton's Law Pr., 104.

It is contended that, by virtue of section 3601 of the Code, a lien was created upon the claim of Chadwell Brittain against the government, which the appellant has the right to enforce.

Without passing upon the question, whether or not a lien was created upon a mere claim for property taken by the Federal army during the war, but conceding, for the sake of argument, that such a lien was created, like all other liens it was capable of being lost, and in this instance was lost by reason of the failure to revive or take other action upon the judgment against the administrator within five years from his qualification.

The next section, 3602, to that relied on, furnishes a complete answer to this contention. It provides that the lien acquired under section 3601, *"shall cease whenever the right of*

*the judgment creditor to enforce the judgment by execution,*
'scire facias' *or action ceases,"* showing a care on the part of
the Legislature not to impinge upon the limitations it had placed
upon actions against personal representatives.    The right to
enforce the judgment by execution ceased at the death of Chad-
well Brittain; the right of *scire facias* or action ceased at the
end of five years after the qualification of his administrator.

It is true there is a line of cases, following *Taylor* v. *Spindle,*
2 Gratt. 44, which hold that it is not necessary to revive a
judgment before filing a bill in chancery to enforce the lien of
such judgment upon real estate, but these cases have no bearing
upon the question of whether the judgment is barred.    That is
determined by the application of the statute, whenever any
proceeding is taken to enforce it.

Whatever may have been the life of a judgment had the
debtor lived, before it was barred by the statute of limitations,
it cannot be enforced after his death unless the proceedings con-
templated by the statute are taken against his personal repre-
sentative within five years from the date of the qualification of
such representative.    The Legislature manifestly had in view,
not only the protection of the estates of deceased persons against
stale demands, but also a wise purpose to facilitate the settling
and winding up of such estate within a reasonable time.    The
wisdom of such laws is apparent, and if we had the power we
would have no disposition to circumscribe their scope or impair
in any degree their operation.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*