## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Nancy Ellen Moll Haynes

v.

Susan Arthur Haggerty

November 15, 1991

Case No. L91-517

By JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the plaintiff seeks damages for sexual abuse allegedly inflicted by the defendant when the plaintiff was a child, between 1971 and 1978. The defendant filed a plea of the statute of limitations. Counsel submitted memoranda and argued their positions on October 28, 1991. This opinion addresses the issue raised in the plea.

Assuming the truth of the allegations in the motion for judgment, the plaintiff's cause of action accrued during the period 1971 to 1978, and the period of limitation began to run, at the latest, when she attained her majority in 1978. The statute of limitations then in effect was the two-year statute applicable to personal injuries (Virginia Code § 8.01-243, modified by the infant tolling statute, § 8.01-229.) The period within which the plaintiff could have maintained an action under that statute has long since expired.

In 1991, the Virginia General Assembly amended Virginia Code § 8.01-249 by adding the following subsection:

(6) In action for injury to person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incompetency of the person, [the cause of action shall be deemed to accrue when the fact of the injury and its causal connection to the sexual abuse

is first communicated to the person by a licensed physician, psychologist, or clinical psychologist. However, no such action may be brought more than ten years after the later of (i) the last act by the same perpetrator which was part of a common scheme or plan of abuse or (ii) removal of the disability of infancy or incompetency.

The legislation contained a provision that the new law "shall apply to all actions filed on or after July 1, 1991, without regard to when the act upon which the claim is based occurred, provided that no such claim which accrued prior to July 1, 1991, shall be barred by application of those provisions if it is filed within one year of the effective date of this Act."

In essence, the General Assembly left intact the two-year period of limitation contained in § 8.01-243 but amended § 8.01-249 ("When Cause of Action Shall Be Deemed to Accrue in Certain Personal Actions") to redefine the point at which a childhood sexual abuse cause of action "accrues," thereby effectively expanding the time within which such a claim may be brought. Further, the General Assembly created a one-year "window" (July 1, 1991, to June 30, 1992) for victims of childhood sexual abuse whose claims were otherwise barred by lapse of time.

The parties appear to agree with the foregoing analysis. They agree that the statute manifests a legislative intent to create a "window" for claims, such as this one, otherwise barred by the passage of time. Thus, the issue is straightforward: Can the legislature revive a remedy by creating a new accrual date when the cause of action was previously barred by the running of the statute of limitations?

Our analysis begins by observing the distinctions among the types of statutory enactments aimed at precluding litigation of stale claims.

First, and most familiar, are procedural or "pure" statutes of limitations. These serve merely to time-restrict the assertion of a remedy. They furnish an affirmative defense and are waived if not pleaded. Second are substantial or "special" statutes of limitations.

They are ordinarily contained in statutes which create a new right and become elements of that newly-created right, restricting its availability. Compliance with such a statute is a condition precedent to maintenance of a claim . . . . Third . . . are statutes of repose. The time limitations of such statutes begin to run from some legislatively selected point in time which is unrelated to the accrual of any cause of action or right of action, whether accrued or yet to accrue. Such statutes reflect a legislative policy determination that a time should come beyond which a potential defendant will be immune from liability for his past acts and omissions. *Commonwealth v. Owen-Corning Fiberglass*, 238 Va. 595 (1989).

The Court elaborated upon the distinction between statutes of limitations and statutes of repose in *School Board of the City of Norfolk v. U.S. Gypsum*, 234 Va. 32 (1987):

Although "statutes of limitations" and "statutes of repose" are terms sometimes loosely employed as interchangeable, they are, in fact, different in concept, definition, and function. As a general rule, the time limitation in a conventional statute of limitations begins to run when the cause of action accrues . . . . The time limitation in [a statute of repose] begins to run from the occurrence of an event unrelated to the accrual of a cause of action, and the expiration of the time extinguishes not only the legal remedy but also all causes of action, including those which may later accrue as well as those already accrued . . . . Conceptually, statutes of repose reflect legislative decisions that "as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability. Thus, a statute of repose is intended as a substantive definition of rights as distinguished from a

procedural limitation on the remedy used to enforce rights." [Citations omitted.]

In *U.S. Gypsum*, the Court held that the statute under consideration (§ 8.01-250) was a statute of repose, so that the lapse of the statutory period extinguished all rights and immunized the defendant from liability for all torts covered by the statute. The immunization bestowed upon the defendant by the statute of repose, the Court said, was "substantive" and, as such, could not be impaired by retroactive application of a statutory revision.

Thus, if the statute under consideration here is a statute of repose, rights acquired under that statute could not be impaired by retroactive application of legislative enactments.

By redefining the accrual date for childhood sexual abuse with the enactment of § 8.01-249(6), the General Assembly effectively altered the commencement date for the running of the period of limitation for that type of personal injury. The period of limitation is prescribed in § 8.01-243. Section 8.01-243 is a "pure" or "conventional" statute of limitations. The time limitations established in that statute begin to run when the particular cause of action accrues. Assertion of a remedy is procedurally barred after the time expires. By adding an overlay ten-year limitation for childhood sexual abuse cases, the General Assembly also created a statute of repose. The repose provision establishes an outside limit -- an arbitrary termination date unrelated to the accrual of the cause of action -- after which no litigation of that type may be initiated. See, e.g., *Virginia Military Institute v. King*, 217 Va. 751 (1977). By creating a special "window" for childhood sexual abuse claims that otherwise would be barred under § 8.01-243, the General Assembly revived a remedy that had been extinguished by the passage of time.

As noted above, the plaintiff concedes that the remedy she seeks was not available to her at the time the 1991 legislation became effective because it was time-barred under § 8.01-243. It is further obvious that her claim is time-barred even under the ten-year repose provision of the 1991 legislation because that time also

had expired. However, the latter circumstance is inconsequential. The defendant cannot reasonably argue that she acquired a vested or substantive right by virtue of the repose provision of § 8.01-249(6) since the legislature provided, in the same Act, a "window" which is intended to operate as an exception to the repose provision. Therefore, the focal point of the inquiry is the "window" and its impact upon rights, if any, previously acquired by the defendant under § 8.01-243, a *statute of limitations* rather than a statute of repose.

The Supreme Court of Virginia has never decided whether a "pure" or "conventional" statute of limitations such as § 8.01-243 bestows rights which, once the period of limitation has expired, cannot be divested. However, the Court has commented on the subject in several decisions.

In *Johnston v. Gill*, 68 Va. (27 Gratt.) 587 (1876), a creditor brought suit in 1871 to set aside a fraudulent conveyance that had occurred in 1856. During the Civil War, the government of Virginia had suspended the running of statutes of limitations. Without the war-time suspension, the creditor's claim would have been time-barred; with the suspension, the period of limitation had not run when the creditor filed his suit. The Court upheld the suspension legislation and allowed the creditor to pursue his claim. The Court was careful to point out that under the facts of that case, the creditor's right of action was not barred by any statute in force at the time he filed suit in 1871. The Court went on to declare, however:

> It is very clear that when the bar of the statute [of limitations] has once attached, the legislature cannot remove the bar by retrospective legislation.

*Kesterson v. Hill*, 101 Va. 739 (1903), involved a suit on a note against a decedent's estate. Administrators qualified on the estate within days after the decedent died in 1891. The claim was barred by the running of the statute of limitations in 1896. In 1898, the legislature revised a statute related to claims against estates, thereby effectively extending the period of limitation. The noteholder sued in 1898. First, the Court cited the general rule of statutory construction that statutes "are to be

so construed as to have a prospective effect merely and will not be permitted to affect past transactions unless such intention is clearly and unequivocally expressed." Finding nothing in the legislation to suggest that the General Assembly intended it to "interfere with existing rights," the Court refused to give the 1898 statute retroactive application and held that the claim was barred by the statute of limitations.

If the Court's opinion had stopped there, the case would have been a case of statutory construction, having no precedential value for this case, since it is clear that the General Assembly *did* intend that § 8.01-249(6) have retroactive effect, at least for those persons who avail themselves of the "window." But the opinion went further:

> In the case at bar, the claim of the appellee was barred before the act of 1898 was passed, and it can hardly be supposed that the legislature intended to revive claims that were extinct against dead men's estates, *even if it had the power to do so.* (Emphasis added.)
>
> The doctrine, as we understand it, is well and correctly stated by Cooley on *Constitutional Limitations* as follows: "When the period prescribed by statute has once run, so as to cut off the remedy which one might have had for the recovery of property in the possession of another, the title to the property, irrespective of the original right, is regarded in the law as vested in the possessor, who is entitled to the same protection in respect to it which the owner is entitled to in other cases. A subsequent repeal of the limitation law could not be given a retroactive effect so as to disturb this title. It is vested as completely and perfectly and is as safe from legislative interference as it would have been had it been perfected in the owner by grant or by any species of assurance" . . . . And . . . the learned author says: "Regarding the circumstances under which a man may be said to have a vested right to a defence against a demand made by another . . . it is

certain that he who has satisfied a demand cannot have it revived against him, and he who has become released from a demand by the operation of the statute of limitations is equally protected. In both cases the demand is gone, and to restore it would be to create a new contract for the parties -- a thing quite beyond the power of legislation."

In almost all the States of the Union in which the question has arisen, it has been held that *the right to set up the bar of a statute of limitations as a defence to a cause of action after the statute has run is a vested right and cannot be taken away by legislation, either by a repeal of the statute without saving clause, or by an affirmative act; and that it is immaterial whether the action is for the recovery of real or personal property or for the recovery of a money demand or for the recovery of damages for a tort.* (Emphasis added.)

In *Strickland v. Simpkins*, 221 Va. 730 (1981), the issue was whether the plaintiff could invoke a new tolling statute. The plaintiff had brought suit in 1975. In 1978, the suit was dismissed for failure to comply with Rule 3:3. The plaintiff refiled the suit, but the trial court sustained the defendant's plea of the statute of limitations. Between 1975 and 1978, the legislature enacted the new provision which, if applicable, would have extended the period within which the action could have been brought. Construing the new statute, the court held that it was clear from the language of the statute that the General Assembly intended to maintain the status quo as to suits pending in 1977 when the new tolling statute was adopted. Therefore, the Court said that statute did not apply, and the plaintiff's claim was time-barred.

So, in *Strickland*, the Court again needed only to construe a statute of limitations and determine whether the legislature intended it to have retroactive application. Whether the legislature *could* give such a statute retroactive effect, if it manifested a clear intention to do so, was not reached. Nevertheless, the Court remarked:

> If we were to hold that the plaintiff is entitled to claim the tolling benefits of this section, we would in effect change and extend the five-year limitation period and *revive an action whose life has expired*. (Emphasis added.)

In *U.S. Gypsum*, discussed above, the Court held that substantive rights would be violated by retroactive application of a statute of repose. The Court found that the statute in question was a statute of repose and therefore did not need to address the retroactivity issue as it applies to statutes of limitations. In a footnote, the Court commented that "the defendants insist that even if [the statute under review] is denominated a statute of limitations, once the period of limitations has expired, the right to assert the defense of the statute is a vested right." The Court concluded that it "need not decide that question" because of its holding that the statute was a statute of repose. Nevertheless, the Court acknowledged "the logic of that argument" and cited *Johnston*, *Kesterson*, and *Strickland*.

Perhaps the most recognized case on the subject is *Campbell v. Holt*, 115 U.S. 620 (1885). There, the United States Supreme Court took the view that a statute of limitations only bars the remedy, not the cause of action itself, and a defendant does not have a vested right in the bar. Therefore, the Court held, the Fourteenth Amendment to the United States Constitution does not prohibit legislation that revives a time-barred claim. The dissent said that although a person's right to plead the statute of limitations may be just a remedy, the deprivation of that remedy is tantamount to a deprivation of a right which the remedy was intended to vindicate. The dissent quoted at length from Cooley, *Constitutional Limitations*, the same constitutional authority relied upon by the Supreme Court of Virginia in its *Kesterson* opinion, discussed above.

Contrary to *Campbell*, the great preponderance of authority seems to favor the view that one who has become released from a demand by the operation of a statute of limitations is protected against its revival by a change in the limitation law. *See* 51 Am. Jur. 2d, *Limitation of Actions*, §§ 44-46. It seems further that the Virginia Court is favorably inclined toward this majority view,

notwithstanding the Court's references over the years to the distinctions between "remedies" bestowed by statutes of limitations and "substantive rights" created by statutes of repose. (See the discussions in *Johnston* and *Kesterson*, and the observations in *Strickland* and *U.S. Gypsum*; but also see Justice Whiting's dissent in *U.S. Gypsum*, pp. 43-53.

In this case, the defendant had been released from the plaintiff's claim by the operation of § 8.01-243, as modified by the infant tolling statute, for more than a decade at the time this action was commenced. Even the 1991 legislation's redefinition of the accrual date is of no assistance to the plaintiff because of the age of her claim. Only by virtue of the statutory "window," reviving a remedy which had been extinguished, would the plaintiff be able to assert her claim. Under the circumstances of this case, for the reasons explained, the court is of the opinion that the legislative "window" in Section 8.01-249(6) cannot be retroactively applied to this claim against this defendant. To do so would be violative of the due process clause of the Virginia Constitution.

Accordingly, the defendant's plea will be sustained and the case dismissed.