206

## CIRCUIT COURT OF WASHINGTON COUNTY

Rhonda Kay Hale

v.

Daryl Wilson

June 15, 1989

By JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court on the defendant's plea of the statute of limitations. This issue was argued before the court on May 16, 1989.

The case involves a suit for damages for personal injuries allegedly sustained by the plaintiff as a result of the medical malpractice of the defendant. The defendant is a dentist who is regularly engaged in the practice of dentistry, and the plaintiff was a patient of his between the months of March and May of 1985. During this time, the defendant performed some root canals for her. The plaintiff alleges several acts of negligence allegedly committed by the defendant while treating her, including the breaking off of a file in one of her teeth. This allegedly caused her some complications for which she had to engage the services of a specialist. The defendant's course of treatment of plaintiff terminated in May of 1985. This suit was filed on March 2, 1988.

The defendant contends that the applicable statute of limitations controlling this cause in effect at the time of the alleged injury, § 8.01-243 of the Code, bars this action. The provisions of that Code section applicable here and in effect at that time provide as follows:

A. Unless otherwise provided by statute, every action for personal injuries, whatever the theory of recovery, except as provided in B

hereof, shall be brought within two years next after the cause of action shall have accrued.

If this section is applicable, then, as defendant contends, this action was barred if not brought on or before May of 1987.

The plaintiff points out that this code section was amended effective July 1, 1986. The applicable portion of that section as amended reads as follows:

> A. Unless otherwise provided in this section or by other statute, every action for personal injuries . . . . shall be brought within two years after the cause of action accrues . . .
>
> C. The two-year limitation period specified in Section A shall be extended in actions for malpractice against a health care provider as follows:
>
> 1. In cases arising out of a foreign object having no therapeutic or diagnostic effect being left in a patient's body, for a period of one year from the date the object is discovered or reasonably should have been discovered . . .

The plaintiff contends that this amendment effectively extended her limitation period for one year and, thus, that this action filed in March of 1988 was timely. Counsel for the plaintiff stated in his memorandum:

> In this case, the plaintiff's case was well alive and not barred by the statute that was applicable at the time of the dental treatment when the legislature extended and/or granted a new remedy.

In support of his position, counsel for the plaintiff points to the case of *Paris v. Appalachian Power Company*, 2 Va. App. 219 (1986). In that case, the court ruled:

> An amendment to a period of limitation that enlarges the period is generally applicable to existing causes of action provided that an actin already barred is not revived.

I am of the opinion that this is the rule of law that governs this factual situation. This entire cause of action was still viable at the time of the effective date of this amendment. The amendment just extended the life of a part of it. Consequently, the plaintiff's action filed in March of 1988 was not time barred.

This is not to say that this cause of action may proceed as to all allegations of negligence contained in the motion for judgment. As counsel for the defendant correctly points out in this memorandum, the 1986 amendments to Code § 8.01-243 are very specific with regard to the types of actions extended thereby. I agree with this observation. It is, therefore, my further opinion that, while the plaintiff may proceed with this cause of action relating to the alleged negligence in having left a foreign object in plaintiff's body, her other allegations with regard to the other acts of negligence were time barred when the suit was brought in March of 1988. The two year limitations period was applicable to these claims, and, thus, that part of the suit should have been brought on or before May of 1987.

Incidentally, this is not a ruling that the 1986 amendments to Code § 8.01-243 has retroactive application so as to revive a cause of action that was time barred before its effective date. I agree with the defendant's counsel that there is nothing in the amended Code section to warrant such an interpretation. As noted above, this cause of action still had life at the time of the effective date of this amendment.