## CIRCUIT COURT OF FAIRFAX COUNTY

Norton, Trustee

v.

Fairfax County
Board of Supervisors

April 8, 1992

Case No. (Law) 111456

BY JUDGE WILLIAM G. PLUMMER

This matter came before the Court on Defendant Board of Supervisors' ("the Board") Demurrer and Plea in Bar to Petitioner Norton's ("Norton") Application for Correction of Erroneous Tax Assessment ("Application"). For the reasons that follow, the Court overrules the Board's Demurrer and Plea in Bar.

The Board demurs on several grounds. It contends that Norton's Application fails to allege facts sufficient to show that the Board assessed the subject property above its fair market value, that the assessments are not uniform in their application, or that they are otherwise invalid. In addition, the Board argues that the Application does not allege facts that would demonstrate a manifest error in the Board's assessments or that the Board totally disregarded controlling evidence, but, rather, that Norton merely alleges a difference of opinion concerning the value of the property. The Board further asserts that Norton's claims constitute mere conclusions of law and cannot alone state a cause of action.

The Court disagrees with the Board's arguments. Accepting the facts in Norton's Application to be true for the purposes of this Demurrer, Norton has clearly sufficiently alleged that the property assessments exceed the fair market value of the property. After declaring the value at which the Board assessed the property from 1987 through 1990, Norton alleges the proper fair market value for

those years, each of which falls well below the assessed value. Moreover, these constitute factual allegations, rather than mere conclusions of law, and may serve as a basis for Norton's application for relief under Virginia Code § 58.1–3984.

Further, I find that Norton need not specifically plead that the Board's assessments constitute manifest error or that the Board totally disregarded controlling evidence when it assessed the property. Norton has unquestionably alleged that he has been aggrieved by local tax assessments, and Code § 58.1–3984 specifically allows him to apply to this Court for relief. Although Virginia case law may require Norton to prove manifest error or a total disregard of controlling evidence by the Board, *see Arlington County Board v. Ginsberg*, 228 Va. 633, 325 S.E.2d 348 (1985), such a requirement concerns his burden of proof, rather than what he must allege in his initial application for relief. Similarly, Code § 58.1–3984 provides that "*[i]n such proceeding* the *burden of proof* shall be upon the taxpayer to show that the property in question is valued at more than its fair market value." Va. Code Ann. § 58.1–3984 (1991) (emphasis added). Virginia law, however, does not require an applicant to bear this burden in his initial pleading. Accordingly, the Court overrules the Board's Demurrer.

The Board has also filed a Plea in Bar, claiming that the Application, which Norton filed on December 30, 1991, is time-barred to the extent it seeks relief from the Board's 1987 tax assessment. The Board argues that the three-year limitations period under current Code § 58.1–3984 governs Norton's claim and the Board concludes that three years elapsed on the 1987 assessment on December 31, 1990.

The Court finds, however, that Norton's claim is governed by a five-year limitations period and is not time-barred. In 1987, Code § 58.1–3984 allowed an applicant three years to apply for relief from a grievous tax assessment. In 1989, however, the General Assembly amended the Code to extend the limitations period to five years. Where an amendment extends a limitations period, it applies to existing causes of action that are not already barred under the prior limitations period. *Parris v. Appalachian Power Co.*, 2 Va. App. 219 (1986). Consequently, because Norton's cause of action for the 1987 tax assessment had not yet expired in 1989 under the three-year limitations period, he gained the benefit of the new five-year limitations

period. When Norton filed the Application on December 30, 1991, five years had not yet run from the 1987 tax assessment and his claim was not time-barred.

Although the General Assembly again amended Code § 58.1–3984 in 1991 to revert to a three-year limitations period, this change did not retrospectively disturb Norton's rights acquired under former Code § 58.1–3984. In the absence of a clear legislative intent to the contrary, an amendment that shortens a limitations period is prospective in its operation. *See Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1937). As the Board concedes in its memorandum of law, the amendments in question contain nothing to indicate a legislative intent that the amendments operate retroactively. Having been able to legitimately rely upon a five-year limitations period under Code § 58.1–3984, to now impose a three-year limitations period would retroactively bar Norton's claim and exact a hardship upon him. Accordingly, I overrule the Board's Plea in Bar.