## CIRCUIT COURT OF LOUDOUN COUNTY

United Pacific Life Ins. Co.

v.

Loudoun County
Board of Supervisors

October 18, 1993

Case No. (Law) 14548

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Plea in Bar of the Board of Supervisors of Loudoun County ("Board") to the Application for Correction of Erroneous Real Estate Assessments filed by United Pacific Life Insurance Company ("Petitioner"). The Application which was filed on May 17, 1993, alleges that the assessments are incorrect for the tax years 1989 through 1992. The Plea in Bar asserts that the three-year limitations period in the present § 58.1–3984 bars a challenge to the 1989 assessment.

For the reasons hereinafter stated, the Plea in Bar is overruled.

On January 1, 1989, § 58.1–3984(A) provided that a person aggrieved by an assessment may within three years from the last day of the tax year for which the assessment is made apply for relief in the circuit court. Effective July 1, 1989, this statute was amended to extend the time from three to five years. Later, the legislature amended the statute effective July 1, 1991, to shorten the time from five to three years. The three-year statute was, and still is, in effect when the present Application was filed.

At the time that the three-year period was extended to five years, the Petitioner's right to challenge the 1989 assessment was not barred under the three-year statute. Under a three-year limitations period, the Petitioner's challenge would not be time-barred until after December 31, 1992. The three to five year extension became effective July 1,

1989, which is prior to December 31, 1992. An amendment to a statute which enlarges the period of limitations applies to existing causes of action which are not already barred by the prior limitations period. *Parris v. Appalachian Power Co.*, 2 Va. App. 219, 229 (1986); 51 Am. Jur. 2d, *Limitation of Actions*, §§ 40–41 (1970). Because the Petitioner's right to challenge the 1989 assessment was not time barred on July 1, 1989, when the limitations period was extended from three to five years, the Petitioner's rights came under the five-year period of limitations unless the legislature, when it shortened the period of limitations from five to three years, clearly intended that it apply retroactively. If there is no clear legislative intent to the contrary, a statutory amendment that shortens a limitations period is prospective in its operation. *Ferguson v. Ferguson*, 169 Va. 77, 87 (1937). No such contrary intent can be found in the 1991 amendment which merely substituted "within three years" for "within five years."

To hold that the Petitioner's right to challenge the 1989 assessment is barred under the present three-year statute would be unfair and work a substantial hardship on the Petitioner.

I agree with the reasoning of Judge William G. Plummer in *Norton, Trustee v. Board of Supervisors*, 27 Va. Cir. 318 (1992).

Let Mr. Trotter submit an order overruling the Plea in Bar to which Mr. Roberts may note his exceptions.