# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Fernando Page

v.

John Doe
and Ernest Bryant

August 3, 2000

Case No. (Law) CL99-20

BY JUDGE DEAN W. SWORD, JR.

This matter comes upon the motion for judgment filed on January 19, 1999, by the plaintiff, Fernando Page, seeking damages for alleged personal injuries caused by the negligence of John Doe. The date of the alleged act was December 20, 1997.

Pursuant to statute, the motion was served upon the registered agent of the plaintiff's insurance carrier and it has appeared and filed various pleadings in this matter.

On April 21, 2000, this court entered an order allowing Page to file an amended motion for judgment. The purpose of the amendment was to add Ernest Bryant as a party defendant.

The amended motion restates the original allegations against John Doe but also adds a second count alleging that Bryant also caused personal injuries by his negligent acts on December 20, 1997.

Bryant retained counsel and has appeared in the matter. Among the pleadings filed on behalf of Bryant is a plea of the statute of limitations.

Upon a review of the pleadings, it appears that the alleged negligence occurred on December 20, 1997, and the amended motion adding Bryant was filed April 21, 2000. There is no dispute that the motion against Bryant was filed more than two years after the alleged negligence.

*Issue*

## *Is the Action Against Bryant Barred by Virginia Code § 8.01-243(A)?*

The applicable statute of limitation for a personal injury action "whatever the theory of recovery" is "two years after the cause of action accrues." Virginia Code § 8.01-243(A).

The cause of action "shall be deemed to accrue and the prescribed limitation period shall begin . . . from the date the injury is sustained . . . ." Virginia Code § 8.01-230.

These two statutes create a clear and unequivocal rule that can be applied to this case on the pleadings without the court having to consider evidence and mandate the dismissal of the motion against Bryant unless there is some saving statute.

This consideration brings us to the real issue: whether or not Virginia Code § 38.2-2206(G) applies retroactively to this case and, if so, in some way tolls the otherwise applicable statute of limitations.

Since the issue of retroactive application of the statute is, in my opinion, the hard part, I shall first address whether or not § 38.2-2206(G) in its current form tolls the statute of limitations.

Virginia Code § 38.2-2206 is the principal statute requiring auto insurance carriers who do business in Virginia to provide liability coverage to their policy holders protecting them against damage or injury resulting from the negligent acts of an uninsured motorist. Virginia is not a mandatory insurance state. This code section also provides a procedure, § 38.2-2206(D) and (E), for proceeding against an unknown party by filing against "John Doe."

Subsection G of this statute currently provides *inter alia*: "the bringing of an action against an unknown owner or operator as John Doe shall toll the statute of limitations for purposes of bringing an action against the owner or operator who caused the injury or damages until his identity becomes known. In no event shall an action be brought . . . more than three years from the commencement of the action against . . . John Doe . . . ."

The clear language of this version of the statute, in my opinion, would toll the application of the statute of limitations against Bryant (the amended motion being filed within the additional three-year period).

However, the tolling language cited above was added to the statute effective July 1, 1999, and does not appear in the prior version that was in effect when the original motion was filed in January 1999. The amendment

did take effect prior to the expiration of the applicable statute of limitations on December 20, 1999.

To reach a final resolution of this matter, the court must determine whether or not the 1999 amendment to Subsection G of the statute is to be applied to this case, which was pending against John Doe but not Bryant when the amendment took effect.

There are two basic ways to determine the question: (1) examine legislative intent or (2) use the rules promulgated by the Supreme Court where there is no clearly expressed legislative intent.

Because the Virginia General Assembly has never published floor or committee debate in the same way the Congress of the United States does, legislative intent must generally be inferred from the language of the statute itself. Interestingly, counsel for the plaintiff contacted[1] Delegate Johnny S. Joannou, who apparently was the legislative patron of the amendment we are considering. Delegate Joannou provided a response which does not, however, address the current question of whether the amendment is to be applied retroactively. The court is also of the opinion that the language of the statute is silent as to any legislative intent one way or the other.

This, then, brings the consideration of the issue to the principles previously established by the Virginia Supreme Court.

It is fair to say that the general rule of construction applied by the Supreme Court is "that statutes of limitations are presumed to be prospective and not retrospective in their operation . . . ." *Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1938). This rule is generally followed by the line of cases that have been developed since *Ferguson*.

In *Forbes v. Kenley*, 227 Va. 55, 314 S.E.2d 49 (1984), the *Ferguson* rule was cited as "in the absence of evidence of a contrary legislative intent, we would apply the general rule that the amendment would not be given retroactive effect." At page 59. *Starnes v. Cayouette*, 244 Va. 202, 419 S.E.2d 669 (1992), noted "If, after a right of action or remedy is barred by a statute of limitations, the statute be repealed, the bar of the statute . . . shall not be deemed to be removed by such appeal." At page 208. The *Ferguson* matter is also cited as controlling in *Riddett v. Virginia Elec. & Power Co.*, 255 Va. 23, 495 S.E.2d 819 (1998), at page 29.

The inquiry does not end with *Ferguson*, however. In two matters, the Virginia Supreme Court has carved an exception (other than clear expression of legislative intent) to the ability of a statute to expand the applicable statute of limitations by a "retrospective" application. *Starnes v. Cayouette, supra,*

---

[1] See Exhibit A filed with plaintiff's brief.

notes the prior rule of *Johnston v. Gill*, 68 Va. (27 Gratt.) 587 (1876), with approval. This rule is stated as "while the legislature could extend the statute of limitations to increase the time in which a suit could be filed, it must do so before the applicable statute of limitations has expired." At page 208.

*Johnston v. Gill, supra,* dealt with a stay law enacted after the Civil War to protect the public as a result of the considerable social upheaval that existed at the time. (At pp. 593-94.) In considering the constitutionality of such a law, the Supreme Court held "that when the bar of the statute has once attached, the legislature cannot remove the bar by retrospective legislation. It is equally clear that, until the bar is complete, it is competent for the legislature to extend the period for the institution of actions even so applied to rights already accrued." At page 595.

As the court has noted above, the applicable statute of limitations ran on December 20, 1999. The legislature amended the tolling statute effective July 1, 1999. Under the rule of *Johnston v. Gill, supra,* and *Starnes v. Cayouette, supra,* the legislative amendment did not do away with any vested substantive rights of Bryant that are otherwise protected by the *Ferguson* rule.

The plea of statute of limitations filed by Bryant is denied.