Elise Sisk

v.

Commonwealth of Virginia

June 15, 2001

Case No. (Law) 00-229

BY JUDGE EDWARD L. HOGSHIRE

This suit arose from the injury sustained by Elise Sisk on November 3, 1996, while on Commonwealth property. In accordance with Virginia Code § 8.01-195.7, Plaintiff was required to commence her action within the Statute of Limitations. For the following reasons, based on the testimony at the telephonic hearing, the briefs submitted to the Court, the evidence of record, and a reading of the statutes in question, this Court finds that the plaintiff did not commence her action within the required time period and, therefore, her action is forever barred and is hereby dismissed with prejudice.

*Applicable Law*

All claims alleged against the Commonwealth must be filed in accordance with Virginia Code Article 18.1, termed the Virginia Tort Claims Act. This Act establishes specific procedural guidelines which plaintiffs must follow in order to make a cognizable tort claim against the State. Virginia Code § 8.01-195.7 establishes the Statute of Limitations for these tort actions. It reads in pertinent part:

> Every claim cognizable against the Commonwealth . . . under this article shall be forever barred unless within one year after the cause of action accrues to the claimant the notice of claim required by

§ 8.01-195.6 is properly filed. All claims against the Common-wealth . . . under this article shall be forever barred unless such action is commenced within eighteen months of the filing of the notice of claim.

The limitations period prescribed by this section and § 8.01-195.6 shall be subject to the tolling provisions of § 8.01-229. . . .

In turn, Virginia Code § 8.01-229 reads:

If a person entitled to bring such action becomes incapacitated, the time during which he is incapacitated shall not be computed as any part of the period within which the action must be brought, except where a conservator, guardian, or committee is appointed for such person. . . .

For the purposes of . . . this section, a person shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitation period.

[I]f any action is commenced within the prescribed limitations period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought. . . .

*Statement of Facts*

Plaintiff alleges that she sustained injury to her right arm from falling down a small flight of stairs on November 3, 1996, while on the Commonwealth's property. The injury was purportedly caused by the negligent positioning of a concessionaire stand and lack of handrails on those stairs. Plaintiff was attending the University of Virginia's Annual Film Festival at Culbreth Theatre.

While disagreement exists about the sufficiency of the Notice of Claim, the Court declines to resolve that issue and will instead assume *arguendo* that the notice was properly filed. Both parties agree that if the Notice of Claim was proper, the date of filing would be October 6, 1997.

Plaintiff alleges that she suffers from "great mental distress because of the constant pain" caused by the instant injury and prior crippling of her left hand. (Plaintiff's Memo at 3.) Furthermore, the plaintiff avers that she is "nervous

and terrified" of also crippling her right hand if she does not comply with her rigorous therapy schedule.

Plaintiff filed her lawsuit in the District Court for the Western District of Virginia October 29, 1998. That Court dismissed the suit for lack of venue. Plaintiff appealed to the United States Court of Appeals who found no reversible error and therefore dismissed the case on June 1, 1999. After realizing that the Eleventh Amendment barred suing a state in federal court, the plaintiff properly filed in this Court on October 27, 2000. Defendant filed a Motion to Dismiss. A telephonic hearing was held on February 1, 2001. Therein, this Court requested that briefs be submitted concerning the tolling of Statute of Limitations and Notice of Claim issues.

*Analysis*

Under Virginia Code § 8.01-195.7, Plaintiff had eighteen months to file her case beginning from when the Notice of Claim was effective. Assuming this notification was effective October 6, 1997, Plaintiff filed in federal court in a timely manner on October 29, 1998. Therefore, from the effective notice to filing with the federal court, Plaintiff spent about twelve of her eighteen-month Statute of Limitations allowance.

The period from the date of filing in the District Court to the date of dismissal from the Court of Appeals (October 29, 1998, to June 1, 1999) is tolled pursuant to Virginia Code § 8.01-229(E)(1). Therefore, the Statute of Limitations again began to run again on or about June 1, 1999.

Plaintiff filed in this Court on October 27, 2000. The period between dismissal (June 1, 1999) and re-filing (October 27, 2000) is approximately sixteen months. These sixteen months are tacked onto the initial twelve months making a total of twenty-eight months. Therefore, the plaintiff exceeded the eighteen-month Statute of Limitations by approximately ten months.

Plaintiff claims that lack of legal representation, difficulties in filing her claim at various courts, travel, physical pain, anguish, and a rigorous therapy schedule tolled the Statute of Limitations. Of these circumstances, the only one which the Code allows is incapacitation of the plaintiff, codified in § 8.01-229. According to that provision, this Court is to determine if Plaintiff was incapacitated and, if so, toll that period of time.

Not only is precedent minimal, Virginia Code § 8.01-229 does not provide a definition for incapacity as it is used within that section. Elsewhere, however, the Code defines incapacitated as, "a mental or physical condition which renders him, either wholly or partially, incapable of taking care of

himself or his estate." Virginia Code § 37.1-128.1. While that definition is not binding because the Code does not reference it specifically, it is included in a chapter which defines the criteria for appointment of committees and trustees. The definition's location in the Code is particularly persuasive because the language of Virginia Code § 8.01-229 also references committees and other guardians.

Even if we were to liberally construe the definition of incapacitated as Plaintiff urges with her reliance on Black's Legal Dictionary, evidence in the record indicates that Plaintiff was not in "want of capacity." First, according to her own admission, she was able to make the trip from Asheville, North Carolina, to Charlottesville, Virginia, to attend the same film festival the following year. (Complaint, Appendix 1.) Second, this is not the only time when Plaintiff was driving; she admitted at trial that she was able to drive herself around Asheville. Third, although she claims to be previously crippled in her left hand and currently injured in her right hand, Plaintiff was apparently able to personally hand-write the Addendum to her Notice of Claim. (Memorandum in Law, 1.) Fourth, Plaintiff's ability to telephone and write University of Virginia staff concerning her incident evidences that she could just as easily called a lawyer or filed her suit. (Letter dated December 5, 1996.) Most compelling of all is Plaintiff's ability to conduct a rigorous battle with the Assistant Attorney General despite her lack of legal training prior to this experience.

Plaintiff's incapacity argument diminishes in persuasiveness as time passes from the date of injury. The operative timeframe for consideration of incapacity is the period from when her case was dismissed by the Court of Appeals on June 1, 1999, and when she filed with this Court on October 27, 2000. This is the period when Plaintiff sat on her rights; had the Plaintiff re-filed her case within a generous six months, she would not have exceeded the Statute of Limitations. Therefore, assertions that that the plaintiff was incapacitated during this period have not been proven.

## *Conclusion*

It would be counter-intuitive to permit all accident victims to heal before they file their claims. Physical pain and anguish accompany every slip-and-fall. The General Assembly sets the Statute of Limitation for each tort, contemplating the appropriate grace period for each accident victim. Here, the Commonwealth permitted Plaintiff twelve months to notify the State, eighteen months to file her claim in addition to seven months when she filed in the

234

federal court. Now Plaintiff wants an additional ten months, but she has failed to prove incapacity.

For the above stated reasons, this Court finds that the Statute of Limitations was not tolled. Because Plaintiff exceeded the Statute of Limitations by ten months, the Motion to Dismiss with prejudice is granted.