## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Ricky Lee Hankins

v.

Commonwealth of Virginia

October 6, 2003

Case No. CL02023508

BY JUDGE MOSBY G. PERROW, III

Ricky Lee Hankins was in the custody of the Department of Corrections of the Commonwealth of Virginia because of felony convictions at the time the cause of action alleged under the Virginia Tort Claims Act accrued. His motion for judgment was filed approximately twenty-one months after his notice of claim. The question is whether the action is time barred under the Act or whether the running of the applicable limitation was tolled because of the plaintiff's confinement.

The statute of limitations set forth in § 8.01-195.7 of the Virginia Tort Claims Act is expressly subject to the tolling provisions of § 8.01-229 which provides in pertinent part that "if a person entitled to bring any action is at the time the cause of action accrues ... *incapacitated,* such person may bring it within the prescribed limitation period after such disability is removed. . . ." Virginia Code § 8.01-229(A)(6) (emphasis supplied). While a person convicted of a felony is a person under a "disability" during the period he is confined, Virginia Code § 8.01-2(6)(a), such a person is not "incapacitated" within the meaning of § 8.01-229(A)(1) so as to toll the running the statute of limitations. See Virginia Code § 8.01-2(6)(d), (e); W. H. Bryson, *Virginia Civil Procedure,* at p. 168 (3d ed. 1997); Sinclair and Middleditch, *Virginia Civil Procedure,* § 4.12(A) (3d ed. 1998); compare Virginia Code § 8.01-229(A)(3). Plaintiff's "disability" was not one that tolled the statute of limitations. Therefore, plaintiff's action was not timely filed and is barred by § 8.01-195.7 of the Virginia Tort Claims Act.