# CIRCUIT COURT OF PRINCE GEORGE COUNTY

Jacqueline Gibbs
and Thomas Gibbs

v.

Hudson Properties, Inc.

Case No. 2003-36 (Prince George County Circuit Court)

Hudson Properties, Inc.

v.

Jacqueline H. Gibbs

Case No. CH2003-45 (City of Hopewell Circuit Court)

June 27, 2005

BY JUDGE W. ALLAN SHARRETT

The Court has reviewed the memoranda submitted by each party, and the Court's ruling is as follows.

1. There are presently two cases pending in different circuit courts which need to be consolidated. Counsel should provide for the transfer of the Hopewell case to Prince George County or for some disposition of the Hopewell matter.

2. This action is not barred by Va. Code § 8.01-421. The previous action was a criminal case involving the Commonwealth and Ms. Gibbs as parties. Hudson Properties was not a party to that cause. There was, thus, a

18

lack of mutuality. "[a] contract cannot bind a non-party." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). There was no written accord and satisfaction, no release executed by Hudson Properties, and no power of attorney or other authorization by Hudson giving the Commonwealth's Attorney the power to bind Hudson in any civil case.

3. This cause of action accrued, and the statute of limitations began to run, on February 29, 2000. The Court has already ruled that the plaintiff exercised due diligence in the discovery of the conduct of the defendant. "Whether such diligence has been exercised must be ascertained by an examination of the facts and circumstances unique to each case." *STB Marketing v. Zolfaghari*, 240 Va. 140, 144-45 (1990). In the instant case, the facts reveal that Hudson did indeed exercise "such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances." *Black's Law Dictionary* 411 (rev. 5th ed. 1979). Cf. *Dennis v. Jones*, 240 Va. 12, 19 (1990).

4. Va. Code § 8.01-229(K) is applicable to this cause, and thus the statute of limitations was tolled during the pendency of the related criminal proceedings, and the cause is not barred by the Statute. Though there is a general rule in Virginia case law that amendments to statutes of limitations should not be applied retroactively in the absence of clear statutory language to the contrary, other precedent suggests that amendments that *extend* the statutory period of a cause of action that is not yet time-barred should be applied retroactively. As a whole, the relevant case law suggests that this Court should hold that Virginia Code § 8.01-229(K) does apply retroactively to Hudson's cause of action, thus making Hudson's filing timely.

On the date when Gibbs was terminated and Hudson uncovered Gibbs's fraud, the resulting cause of action was governed by Virginia Code § 8.01-243(A), which states in part that "every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Thus, Hudson would have had to have filed this action by February 29, 2002, for it to be considered timely under § 8.01-243.

Because Hudson did not file its claim until April 22, 2003, it must rely on Virginia Code § 8.01-229(K) in order to avoid the two year statute of limitations. This Section states that:

> In any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the

period within which such a civil action may be brought. For purposes of this subsection, the time during which a prosecution is pending shall be calculated from the date of the issuance of a warrant, summons, or capias, the return or filing of an indictment or information, or the defendant's first appearance in any court as an accused in such a prosecution, whichever date occurs first, until the date of the final judgment or order in the trial court, the date of the final disposition of any direct appeal in state court, or the date on which the time for noting an appeal has expired, whichever date occurs last. Thereafter, the civil action may be brought within the remaining period of the statute *or within one year, whichever is longer.*

Va. Code § 8.01-229(K) (emphasis added). Hudson calculates that after tolling the statutory period for the time between Gibbs' indictment and sentencing, Hudson's action was brought at most 719 days after the statutory period began to run, which is within the two year (730 day) statutory period. Such calculations are unnecessary, however, given that the statute also allows an action to be filed within one year of the final disposition of criminal proceedings. Hudson's action was filed on April 22, 2003, which is within one year of Gibbs' December 11, 2002, sentencing. Therefore, if Virginia Code § 8.01-229(K) applies to Hudson's action, then the action was timely filed. If § 8.01-229(K) does not apply to this action, then it was not filed within the statute of limitations and is time-barred.

There is authority from the Supreme Court and Court of Appeals which would allow retroactive application of an amendment to a statute of limitations when it *expands*, rather than shortens, the statutory period, provided that the statutory period has not yet run. In *Parris v. Appalachian Power Co.*, 2 Va. App. 219, 343 S.E.2d 455 (1986), the Court of Appeals stated that "it is true that, once the limitations period has run, any subsequent amendments to that period generally would have no effect on the parties' procedural rights. We note, however, that an amendment to a period of limitation that enlarges the period is generally applicable to existing causes of action provided that an action already barred is not revived. See generally 51 Am. Jur. 2d, *Limitation of Actions*, §§ 40-41 (1970)." *Id.* at 220, 343 S.E.2d at 461. At least three circuit courts have cited *Parris* regarding retroactive extension of a statute of limitations. See *United Pacific Life Ins. Co. v. Loudoun County Supervisors*, 32 Va. Cir. 174 (Loudoun County 1993); *Waldron v. Subaru of Am., Inc.*, 20

Va. Cir. 355 (Richmond 1990); *Hale v. Wilson*, 16 Va. Cir. 206 (Washington County 1989).

Further authority for allowing retroactive extension of a statute of limitations provided an action is not yet time-barred can be found in *Starnes v. Cayouette*, 244 Va. 202, 419 S.E.2d 669 (1992). In *Starnes*, the court held that a childhood victim of sexual abuse at the hands of a family friend could not bring a claim against him seven years after the end of the statutory period, even though the General Assembly had passed a statute in 1991 which extended the statute of limitations for claims filed by certain victims of sexual abuse. In so holding, the Court wrote: "The right to set up the bar of a statute of limitations as a defense to a cause of action *after the statute has run* is a vested right, and cannot be taken away by legislation . . . and . . . it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the recovery of damages in tort." *Id.* at 208 (emphasis added) (quoting *Kesterson v. Hill*, 101 Va. 739, 743-44, 45 S.E. 288, 289 (1903)). The *Starnes* Court went on to state that this "rule was in accord with our earlier decision in *Johnston v. Gill*, where we held that, while the legislature could extend the statute of limitations to increase the time in which a suit could be filed, it must do so before the applicable statute of limitation has expired." *Id.* at 208, 419 S.E.2d at 672 (internal citations omitted). In the Reconstruction Era case of *Johnston v. Gill*, the Supreme Court stated that it was "clear that until the bar [under a statute of limitations] is complete it is competent for the legislature to extend the period for the institution of actions even as applied to rights already accrued." *Johnston v. Gill*, 68 Va. (27 Gratt.) 587, 595 (1876). Taken together, *Parris, Starnes*, and *Johnston* support the argument that this Court should retroactively apply the tolling provisions of § 8.01-229(K) to extend the statute of limitations for Hudson's actions, thus meaning the action would be timely.

The Circuit Court of the City of Portsmouth in *Page v. Doe*, 53 Va. Cir. 173 (2000), faced the same question in determining whether a personal injury action based against a John Doe for injuries sustained in December 1997 and filed in January 1999 could be amended in April 2000 to add a named codefendant. Though the two-year statute of limitations in personal injury actions set by Virginia Code § 8.01-243(A) expired in December 1999, a July 1999 amendment to Virginia Code § 38.2-2206 allows a plaintiff filing a personal injury suit against a motor vehicle operator as John Doe a period of up to three additional years beyond the statutory period to identify the actual operator of the motor vehicle and name that person as a defendant in the action. In deciding to apply the amendment extending the statutory period

retroactively, the court found that the holdings in *Johnston* and *Starnes* that an amendment to a statute of limitations could apply retroactively if it expanded the statutory period for a cause of action that was not barred constituted an additional exception to the general rule that amendments to statutes of limitations do not apply retroactively. *Page*, 53 Va. Cir. at 175-76.

Thus, the Court is of the opinion that subsection (K) is applicable to the instant cause, and acted to toll the Statute of Limitations during the pendency of the criminal proceeding; hence, Hudson's claim is not time-barred.