# CIRCUIT COURT OF FAIRFAX COUNTY

Michael McEvily

v.

K-Mart Corp. et al.

February 28, 2007

Case No. CL01-199284

BY JUDGE ARTHUR B. VIEREGG

This matter comes before the Court on Defendant K-Mart Corporation's Plea in Bar to Plaintiff Michael McEvily's motion for judgment alleging causes of action arising out of his arrest at K-Mart on June 6, 1999, for assault and battery, false arrest, and defamation.[1] In the Plea in Bar, K-Mart asks this Court to dismiss McEvily's lawsuit contending that it is time-barred. None of the statutes of limitations governing McEvily's causes of action exceed two

---

[1] A review of the file reveals that McEvily's motion for judgment was originally filed against K-Mart of Annandale, Chris Carter, and two John Doe defendants. K-Mart of Annandale subsequently filed a motion to quash service claiming that the proper defendant was K-Mart Corporation. On December 17, 2001, McEvily filed a Motion to Amend Original Claims to change the defendant K-Mart of Annandale to K-Mart Corporation, as well as correct the address listed for K-Mart Corporation. While it does not appear that either motion came before the Court, K-Mart Corporation continued to appear in the case and file motions, including the plea in bar at issue here. Accordingly, this Court deems K-Mart Corporation the proper defendant in this matter.

years from the time they accrue. *See* Va. Code §§ 8.01-243(A), 8.01-247.1, and 8.01-248. McEvily argues that his Motion for Judgment was timely filed, or in the alternative, that the statute of limitations tolling principles required that his motion for judgment be deemed timely filed. McEvily advances five arguments:

1. In accordance with Virginia Supreme Court Rule 5:5(c), the Court should deem his motion for judgment filed on or about May 1, 2001, when he delivered it to prison officials for mailing to the Clerk of this Court.

2. His actions did not accrue, and therefore the statutes of limitations periods governing them did not begin, until the end of the criminal trial resulting from arrest on November 9, 1999.

3. The statute of limitations applicable to each of his causes of action was tolled by Va. Code § 8.01-229(A)(2)(b).

4. The statute of limitations applicable to each of his causes of action was tolled by Va. Code § 8.01-229(D).

5. The statute of limitations applicable to each of his causes of action was tolled by Va. Code § 8.01-229(K).

My decision as to each of the above arguments is set forth below.

## I. *Supreme Court of Virginia Rule 5:5(c)*

The causes of action pleaded by McEvily each arise from his arrest at a K-Mart store in Annandale, Virginia, on June 6, 1999. He initiated his attempt to file his Motion for Judgment when incarcerated at the Coffeewood Correctional Facility in Mitchell, Virginia. McEvily alleges that he attempted to file this lawsuit by delivering it to prison authorities to be mailed the Clerk of this Court on or about May 1, 2001. The date-stamp on his motion for judgment reflects that it was received in the Clerk's Office on October 22, 2001. McEvily argues that because he delivered his pleadings to prison officials to be mailed to the Clerk, Rule 5:5(c) of the Rules of the Supreme Court of Virginia requires that his pleading be deemed filed as of the date of his delivery of his motion for judgment to prison officials for mailing. Rule 5:5(c) provides as follows:

> *Inmate Filing.* A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mail system with first-class postage prepaid on or before the last day for filing. Timely filing of a paper by an inmate confined in an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal

mail system on or before the last day for filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

Supreme Court of Virginia Rule 5:5(c).

By its express language, Rule 5:5(c) only purports to address the filing of inmate appeals to the Supreme Court of Virginia. It does not purport to apply to the initial filing of civil lawsuits by inmates. Therefore Rule 5:5(c) does not for purposes of applicable statutes of limitations exempt Mr. McEvily from deadlines governing the filing of civil actions. McEvily's motion for judgment therefore must be considered filed as of October 22, 2001, more than two years after his motion for judgment was received by the Clerk of this Court.

## II. *The Accrual of McEvily's Causes of Action*

McEvily argues that the applicable statutes of limitation governing his actions against K-Mart did not accrue and the statutes of limitations governing such actions did not begin to run until November 5, 1999, the date on which his criminal trial eventuating from his June 6, 1999, arrest was decided in his favor. But, in his motion for judgment, McEvily alleges facts indicating he sustained injuries from K-Mart's actions "on the Sixth of June 1999." In his response to K-Mart's Plea in Bar, McEvily argues that the harm he sustained spans a period of more than five months: from the date of his arrest, June 6, 1999, until the conclusion of his criminal trial on November 5, 1999. Citing to Va. Code § 8.01-230, K-Mart contends that McEvily's causes of action accrued on June 6, 1999, when he was allegedly beaten and arrested.

The Virginia Code expressly provides that a "right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person or damage to property." Va. Code § 8.01-230. Virginia courts have determined that an "injury" is a "positive, physical or mental hurt to the claimant." *Locke v. Johns-Manville Corp.*, 221 Va. 951, 957 (1981). "[W]hen a tort causes a contemporaneous personal injury, the fact that the victim suffered greater physical or mental hurt from that tort at a later date does not defer the date of accrual of the cause of action." *Starnes v. Cayouette*, 244 Va. 202, 206 (1992) (citing *Scarpa v. Melzig*, 237 Va. 509, 512 (1989)). Here, the injury alleged

by McEvily occurred on June 6, 1999. The fact that McEvily continued to be detained throughout the criminal trial proceedings does not change the fact that his cause of action accrued on that date.

### III. *Virginia Code § 8.01-229(A)(2)(b)*

McEvily argues that his claims should be tolled by operation of Va. Code § 8.01-229(A)(2)(b). It provides:

> *Disabilities which toll the statute of limitations.* — Except as otherwise specifically provided in §§ 8.01-237, 8.01-241, 8.01-242, 8.01-243, 8.01-243.1, and other provisions of this Code . . . (2) After a cause of action accrues . . . (b) If a person entitled to bring such action becomes *incapacitated, the time during which he is incapacitated shall not be computed as any part of the period within which the action must be brought,* except where a conservator, guardian, or committee is appointed for such person in which case an action may be commenced by such conservator, committee, or guardian before the expiration of the applicable period of limitation or within one year after his qualification as such, whichever occurs later.
>
> For the purposes of subdivisions 1 and 2 of this subsection, a person shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitation period.

Va. Code § 8.01-229(A)(2)(b) (emphasis added).

McEvily avers that he was incapacitated when he was "not allowed" to access the law library at the Fairfax County Regional Jail for a period of more than six months during his incarceration at that facility. K-Mart argues that a person's imprisonment does not generally toll a statute of limitations, unless such relief is expressly provided for by statute. K-Mart also directs this Court's attention to *Lewis v. Gupta*, 54 F. Supp. 2d 611 (E.D. Va. 1999), where the court noted that neither the Fourth Circuit nor the Supreme Court of Virginia had yet addressed whether Va. Code § 8.01-229(A)(2)(b) extended tolling to periods of imprisonment. *See id.,* n. 7.

Since the *Lewis* decision in 1999, Virginia courts have had an opportunity to evaluate the meaning of the term "incapacitated" and, in

addition, to determine whether an incarcerated person is considered incapacitated. For purposes of Va. Code § 8.01-229(A)(2), an incapacitated person is one who has a "mental or physical condition which renders him, either wholly or partially, incapable of taking care of himself or his estate." *Sisk v. Commonwealth*, 56 Va. Cir. 230, 232-33 (2001) (finding definition of incapacity in Va. Code § 37.1-128.1 persuasive because "it is included in a chapter which defines the criteria for appointment of committees and trustees . . . [and] is particularly persuasive because the language of Virginia Code § 8.01-229 also references committees and other guardians"). Subsequently, the Circuit Court of the City of Lynchburg, Virginia, determined that a person who is convicted of a felony is a person under a "disability" while incarcerated, but his incarceration does not toll the statute of limitations because it does not render him "incapacitated" as that term is used in Va. Code § 8.01-229(A)(1). *See Hankins v. Commonwealth*, 63 Va. Cir. 211, 211 (2003). I find the *Hankins* case persuasive. McEvily has not pleaded facts suggesting that he was incapacitated while incarcerated at the Fairfax County Regional Jail. Furthermore, he has not provided evidence showing that he was adjudged incapacitated at that time by a court of competent jurisdiction. Accordingly, Va. Code § 8.01-229(A)(2)(b) does not toll the statute of limitations as to McEvily's cause of action.

### IV. *Virginia Code § 8.01-229(D)*

Relying upon Va. Code § 8.01-229(D), McEvily contends that the statute of limitations should also be tolled because the defendants obstructed the filing of his motion for judgment. He argues that the "continuous acts of defendants beating and detaining [McEvily], making false allegations to justify their malicious behavior, and pressing fraudulent charges against [McEvily] . . . directly caused [McEvily] to be arrested and detained in jail . . . and fall well within the statutory provision of [Va. Code] § 8.01-229(D)(ii)." Response to Plea in Bar ¶ 54. Va. Code § 8.01-229(D) provides as follows:

> *Obstruction of filing by defendant.* — When the filing of an action is obstructed by a defendant's (i) filing a petition in bankruptcy or filing a petition for an extension or arrangement under the United States Bankruptcy Act or (ii) *using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.*

Va. Code § 8.01-229(D) (emphasis added).

K-Mart argues that this statutory provision may only be relied upon by a plaintiff who establishes that a defendant undertook "an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file his action." Memo Plea in Bar at 1, citing *Hawks v. DeHart*, 206 Va. 810, 814 (1966). Further, it contends that this provision is intended to "protect a plaintiff from a defendant's intentional, fraudulent acts to conceal discovery of a cause of action." *Id.*, citing *Richmond Redevel. & Housing Auth. v. Laburnum Const. Corp.*, 195 Va. 827, 840 (1954). K-Mart argues that, because McEvily has not presented any facts showing that K-Mart has taken affirmative actions to obstruct McEvily's filing, this provision does not toll the statute of limitations in this case.

K-Mart is correct that, in order to utilize this tolling provision, McEvily must show that the defendants took an affirmative act to obstruct his right to file the civil suit. *See Grimes v. Suzukawa*, 262 Va. 330, 332 (2001) (Va. Code § 8.01-229(D) did not toll statute of limitations because defendant's act of wearing mask to conceal identity during assault did not obstruct plaintiff's right to file). Here, McEvily has not done so. McEvily's incarceration was not the result of an affirmative act taken by the defendants to preclude or interfere with McEvily's right to file his motion for judgment. Virginia Code § 8.01-229(D) is inapplicable to this case.

## V. *Virginia Code § 8.01-229(K)*

McEvily's final argument in support of tolling the statute of limitations in this case relies upon the tolling provision in Va. Code § 8.01-229(K). More specifically, McEvily alleges that subsection K is a "direct overgrowth" of subsection D such that "[t]he Virginia Legislature recognized the fact that a person who is incarcerated is 'obstructed' from pursuing a civil matter that may relate to the criminal matter that caused his loss of freedom." Response to Plea in Bar ¶ 55. Va. Code § 8.01-229(K) provides as follows:

> *Suspension of limitations during criminal proceedings. — In any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought.* For purposes of this subsection, the time during which a prosecution is pending shall be calculated from the date of the issuance of a warrant, summons, or capias, the return or filing of an indictment or information, or

the defendant's first appearance in any court as an accused in such a prosecution, whichever date occurs first, until the date of the final judgment or order in the trial court, the date of the final disposition of any direct appeal in state court, or the date on which the time for noting an appeal has expired, whichever date occurs last. Thereafter, the civil action may be brought within the remaining period of the statute or within one year, whichever is longer.

Va. Code § 8.01-229(K) (emphasis added).

K-Mart argues, without citing to any authority, that Va. Code § 8.01-229(K) only tolls a plaintiff's civil action against an individual who is already a defendant in a criminal proceeding arising out of the same facts as the civil cause of action. Thus, it is K-Mart's position that the provision does not "enable a defendant in a criminal proceeding to delay filing a civil action against another party until the conclusion of his own criminal proceeding." Memo Plea in Bar at 2. K-Mart further contends that, even if the provision serves to toll a criminal defendant's filing of a civil case, it cannot apply here because the provision was not effective until July 1, 2001, and cannot be applied retroactively.

The application of Va. Code § 8.01-229(K) involves a two prong analysis: (1) does the provision apply where a criminal defendant wishes to file a civil suit; and (2) may the provision be applied retroactively to toll the statute of limitations in such a case.

"If statutory language is not ambiguous but has a usual and plain meaning, rules of construction do not apply, and resort to legislative history is both unnecessary and improper." *Marsh v. City of Richmond*, 234 Va. 4, 11 (1987). Rather, where a statute is unambiguous, the Court should "determine legislative intent from the plain meaning of the words used." *Id.* A plain reading of the statute does not support K-Mart's limited interpretation. In fact, the use of the word "any" to describe the applicability of the provision plainly precludes K-Mart's crabbed interpretation.

This conclusion notwithstanding, McEvily cannot take advantage of this tolling provision. Virginia Code § 8.01-229(K), which became effective in July of 2001, can be applied retroactively, but not in a case such as this where the statute of limitations had already run when the provision became effective. *See Hudson Properties v. Gibbs*, 70 Va. Cir. 17, 18 (2005) ("Though there is a general rule in Virginia case law that amendments to statutes of limitations should not be applied retroactively in the absence of clear statutory language to the contrary, other precedent suggests that amendments that extend the

statutory period of a cause of action that is not yet time-barred should be applied retroactively."); *see also Parris v. Appalachian Power Co.*, 2 Va. App. 219, 229 (1986) ("an amendment to a period of limitation that enlarges the period is generally applicable to existing causes of action provided that an action already barred is not revived"). Here, McEvily's causes of action accrued on June 6, 1999, which means that the statute of limitations ran until June 6, 2001. To apply the statute retroactively to this case would therefore revive a cause of action that was already time-barred when the provision became effective. Accordingly, Va. Code § 8.01-229(K) is inapplicable here.

For the reasons described above, K-Mart's Plea in Bar is sustained.