# CIRCUIT COURT OF HALIFAX COUNTY

Jonita Marable Scott,
Personal Representative
of the Estate of
Brandon Marqui Scott,
deceased

    v.

Marcus Coleman et al.

June 1, 2011

Case No. CL09-326

BY JUDGE MARC JACOBSON

The instant action arises out of an accident which occurred on June 1, 2007, wherein a vehicle operated by Marcus Shamir Coleman (M. Coleman) struck Brandon Marqui Scott, an infant, (decedent) while decedent was on a bicycle, resulting in the death of decedent. As a result of the accident, M. Coleman (a defendant in the subject proceedings) was charged with the felony of leaving the scene of an accident. M. Coleman pleaded guilty to this charge on October 22, 2007, was convicted and was incarcerated.

A Complaint was filed by Jonita Scott, Personal Representative of the Estate of Brandon Marqui Scott, (Plaintiff) on April 20, 2009. Plaintiff requested leave to amend the Complaint (Amended Complaint) on May 29, 2009, and, for whatever reason, the Amended Complaint was not actually filed with the Court until August 30, 2010. The Amended Complaint sought to add three defendants to the lawsuit, one of whom was Antonio Brooks. Brooks has filed a Special Plea of the Statute of Limitations claiming that suit was not properly brought against him within the applicable and required two year statutory period and, therefore, the Amended Complaint should be dismissed as to him. Va. Code Ann. § 8.01-243(A).

Plaintiff seeks to toll the aforesaid two-year statute of limitations pursuant to § 8.01-229(K) of the Code of Virginia as amended (Code Section), which said Code Section reads as follows:

*Suspension of limitations during criminal proceedings.* — In any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought. For purposes of this subsection, the time during which a prosecution is pending shall be calculated from the date of the issuance of a warrant, summons, or capias, the return or filing of an indictment or information, or the defendant's first appearance in any court as an accused in such a prosecution, whichever date occurs first, until the date of the final judgment or order in the trial court, the date of the final disposition of any direct appeal in state court, or the date on which the time for noting an appeal has expired, whichever date occurs last. Thereafter, the civil action may be brought within the remaining period of the statute or within one year, whichever is longer.

If a criminal prosecution is commenced and a grand jury indictment is returned or a grand jury indictment is waived after the period within which a civil action arising out of the same set of facts may be brought, a civil action may be brought within one year of the date of the final judgment or order in the trial court, the date of the final disposition of any direct appeal in state court, or the date on which the time for noting appeal has expired, whichever date occurs last, but no more than ten years after the date of the crime or two years after the cause of action shall have accrued under § 8.01-249, whichever date occurs last.

Va. Code Ann. § 8.01-229(K).

In essence, the Code Section permits the tolling of the statute of limitations, which tolling Plaintiff seeks to apply in the instant case where there is or was a criminal prosecution against one of the parties arising from the same facts and circumstances as the existing litigation.

It is not alleged nor contended that Brooks was or has ever been incarcerated, and it is certainly not relative to the instant case.

The instant case alleges that M. Coleman struck decedent with a motor vehicle then fled the scene of the accident resulting in criminal charges against M. Coleman and his resulting incarceration. The criminal prosecution of M. Coleman is the prosecution that Plaintiff relies on to contend that the statute of limitations for a civil lawsuit as a result of the accident was tolled. The criminal prosecution for hit and run related to the accident involved in the instant litigation would give rise to the tolling of the statute of limitations as to M. Coleman, the criminal defendant. However, it does not necessarily follow, nor is it logical to contend that other co-defendants or prospective

co-defendants in the instant action, against whom no criminal charges were ever filed involving the events of June 1, 2007, would or should be subject to the tolling of the statutory period of limitations simply and only because another co-defendant (and not the Plaintiff, nor decedent) was involved in a related criminal prosecution.

While there do not appear to be any Virginia cases dealing with the exact issue as to the applicability of the tolling of the statute of limitations under the Code Section under and with the facts set forth herein and hereinabove, Plaintiff has referred to two Virginia cases which have referenced the Code Section, *McEvily v. K-Mart Corp.*, 73 Va. Cir. 51 (2007), a Virginia circuit court case, and *Pinder v. Knorowski*, 660 F. Supp. 2d 726 (E.D. Va. 2009).

In the *McEvily* case, it was actually the criminal defendant who sought to file a civil suit and sought to apply the Code Section to extend the applicable statute of limitations due to a period of incarceration resulting from the circumstances involved in his civil suit. 73 Va. Cir. at 56-58. In the instant case, the Plaintiff is not incarcerated and is not a criminal defendant. The *McEvily* case is not relevant nor applicable to the facts and circumstances in the instant case.

In the *Pinder* case, the plaintiff, who was incarcerated, sought to apply the tolling provisions of the Code Section, and, in that instance, argument could be made that the Code Section might be applicable because the plaintiff was incarcerated which would have prevented him from filing a lawsuit within the statutorily mandated time. 660 F. Supp. 2d at 730. This is not analogous to the Plaintiff in the instant action seeking to apply the Code Section because a prospective co-defendant was incarcerated, not the Plaintiff.

There is a New York appellate case from 1987 that deals with a somewhat similar issue. In 1987, New York had a statute similar to Virginia Code § 8.01-229(K), which involved the tolling of the statutory period of limitations with regards to wrongful death actions. There are differences in the wording of the statutes, but the general premise of the New York statute is similar, to extend the time for filling certain civil actions where a party is also involved in a criminal proceeding. The Court in *Jordon v. Britton*, explained that the statute at issue was only meant to apply to parties who were actually incarcerated or involved in the criminal prosecution, and not to all or any other co-defendants in a wrongful death case. 128 A.D.2d 315, 320-21, 515 N.Y.S.2d 678, 681-82 (1987).

Brooks was not involved in any criminal prosecution related to the events leading up to decedent's death, on June 1, 2007. Similar to the analysis in *Jordan*, the Court finds that the Code Section cannot be read to permit the tolling of the statute of limitations against all civil co-defendants or possible co-defendants when one of the defendants happens to be involved in a criminal prosecution stemming from the facts that gave rise to the lawsuit. The facts that led to M. Coleman's criminal prosecution

involved a hit and run resulting in the death of the decedent, and Brooks was in no way involved in the accident and the facts and circumstances surrounding the decedent's death. Certainly nothing at any time prevented Plaintiff from determining how or when or on what basis Brooks might have or should have been named as a defendant in regard to the instant case.

It is interesting to note that Brooks was named as a defendant in an Amended Complaint requested by Plaintiff on May 29, 2009, within the statutory period of time for filing a personal injury suit, but, for whatever reason, the Amended Complaint was not actually filed with the Court as an amended complaint until August 30, 2010, which certainly indicated that Plaintiff was not inhibited nor restrained from proceeding against Brooks within the statutory period of time.

The Court grants the Special Plea of the Statute of Limitations filed by Antonio Brooks as to the instant action.